**Joseph Franklin SILLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44103.**

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

Rehearing Denied Nov. 16, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction of robbery by assault. The jury assessed the punishment at 1000 years.

We affirm.

Gladys Hawkins, the complaining witness, testified that on August 1, 1969, she was employed at the Crown Cleaners in Dallas, Texas; that at about 4 p. m. on that date a man entered the cleaning shop and asked if there was any cleaning for R. K. Sills. When she checked and found that there was none, he pulled a gun and asked her for her money. She gave him $73.10 because she was in fear for her life or serious bodily injury; that this man was the appellant herein and he ordered her to go to the back of the store. As he left the store, one of her co-employees, Betty Grissom, came into the store. She informed Grissom that they had been robbed. Grissom got the license number of the automobile in which the appellant left the scene. Grissom then went next door and called the police.

Betty Grissom testified that she did not witness the robbery, but that she observed the appellant leave the store and that she obtained the license number from the vehicle in which he departed.

Stanley L. McNear of the Dallas Police Department testified that on the date in question he investigated a robbery complaint at the Crown Cleaners.

W. E. Potts, a detective with the Dallas Police Department, testified that he investigated the robbery in question and talked to Hawkins and also to Grissom. He ex-

hibited some pictures to Hawkins and she identified that of the appellant.

At the punishment stage of the trial, some five witnesses testified that the appellant's reputation for being a peaceful law-abiding citizen was bad, and the State introduced some 33 felony convictions against the appellant.

By his first ground of error, the appellant complains that the punishment in this cause is cruel and unusual because of its excessive nature. Art. 1408, Vernon's Ann.P.C., prescribes no maximum term for this offense, but only prescribes that " * * * or by confinement in the penitentiary for any term not less than five years." In Darden v. State, 430 S.W.2d 494, we said, "If the punishment is within that prescribed by the statute it is beyond the province of this Court to pass upon the question of excessive punishment."

In view of the fact that the Legislature has provided no maximum punishment, it is suggested that a jury could give a sentence of 25,000 or 1,000,000 years if they chose to do so. It is further suggested that 1,000 years or a million years is an impossible punishment and should not be assessed. It does not change the rule that a person can be considered for parole when he has received credit for 20 years or one-third of his sentence, whichever is the less. Art. 42.12, Sec. 15, Vernon's Ann.C. C.P. Since such sentences serve no purpose, the Legislature should at least set a maximum as well as a minimum for every crime. The entire sentencing structure of the State of Texas should be inquired into by the Legislature, which is the proper body, and not this Court, to make those corrections. Ground of error number one is overruled.

Appellant's ground of error number two complains of the admission into evidence of the testimony of the witness Mrs. Scroggins on the issue of appellant's reputation at the punishment hearing. This witness testified that appellant had a bad

reputation for being peaceful and law-abiding, that she had seen appellant only one time and that she was basing her opinion of his reputation on an event that happened between her and the appellant. Outside the presence of the jury, she stated that she based it on an incident wherein the appellant robbed her. In view of the other evidence which was properly admitted during the punishment stage of the trial wherein appellant's reputation and past record were fully developed, any error regarding the admission of Mrs. Scroggins' testimony is harmless.

By his ground of error number three, appellant complains of the admission into evidence of the testimony of Joe Roberts on the issue of appellant's reputation for being peaceful and law-abiding. The witness Roberts testified that the appellant had a bad reputation and further that the witness did not know appellant or know of the appellant until several months after the incident for which he is being tried. Evidently, the ground of error is that the witness did not know appellant before the date of the crime, and therefore his testimony was not admissible. In Chamberlain v. State, 453 S.W.2d 490, this Court held that:

"* * * a witness who has known defendant only since the time of his arrest may testify at the penalty stage of the trial that his reputation as a peaceable law-abiding citizen was bad."

Ground of error number three is overruled.

Appellant's ground of error number four complains that the statute under which the appellant was convicted is unconstitutional because the same is not definite as to the punishment. He cites no authority for the same. However, this Court in Ex parte Davis, 412 S.W.2d 46, said, "* * * a statute which affixes a minimum, but not a maximum, term of years as punishment is a valid statute." Also see Myers v. State, 51 Tex.Cr.R.

463, 103 S.W. 859. Appellant's ground of error number four is overruled.

By a supplemental pro se brief, appellant files four grounds of error, one of which complains of the trial court's overruling the defendant's motion to suppress the in-court identification of the witness Hawkins. A hearing was held on this motion outside the presence of the jury and the motion to suppress was overruled by the court. From the evidence adduced, there was no error by the court in so doing. This ground of error as well as the remaining grounds of error in the appellant's pro se brief are overruled.

There being no reversible error, the judgment is affirmed.