Rickey Joe WITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44376.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Rehearing Denied Feb. 2, 1972.

Gibson, Ochsner, Adkins, Harlan & Hankins, by Michael C. Musick, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Canyon, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the sale of marihuana. The punishment was assessed by the jury at fifteen years.

Policewoman Cox testified she started attending school in Randall County, in September 1969, in connection with an undercover operation; that she first met appellant on October 13th at a drive-in on the Canyon Expressway where a conversation took place about the purchase of drugs and that appellant and one Gary Morris told her that there were better contacts to buy drugs from than the people she had been around; that the next evening, she returned to the drive-in where the appellant and Morris approached her and asked if she wanted to buy some marihuana, and that she purchased a "lid" of marihuana for twenty dollars from appellant.

Appellant contends that he was denied the right to counsel at critical stages throughout the entire period during which he was arrested or detained. Appellant was arrested in Anaheim, California, on January 17, 1970, waived extradition proceedings, and ten days later was returned to Randall County.

■ Appellant complains that he was not informed of his right to counsel prior to signing of a waiver of extradition proceedings. This court held in Hinkle v. State, 442 S.W.2d 728, that an illegal removal of defendant across state lines does not afford defendant immunity from prosecution. See also Goodspeed v. Beto, 341 F.2d 908 (5 Cir.), cert. den., 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798 (1965), where the court held any illegality in extradition proceeding would not invalidate subsequent conviction.

■ Appellant further complains of the court's failure to furnish him counsel after his return to Texas in that during this time, when he did not have counsel, he could have started preparing his defense and contacting witnesses who could prove and corroborate his defense of alibi. The appellant's testimony reflects that he was brought before the court upon his return to Texas, and appellant advised the court that he would like to hire his own attorney; that when appellant was unable to hire an

attorney, the court appointed counsel requested by appellant. The docket sheet reflects appellant was represented by counsel on February 2, 1970, and the trial did not begin until August 14, 1970.

We reject appellant's contention that he was denied counsel at the critical stage of the proceedings.

■ Appellant complains that his counsel in the trial court was inadequate to provide for the fundamental fairness which should have been afforded him under the Sixth and Fourteenth Amendments to the U. S. Constitution. We have reviewed the numerous instances cited by appellant in the course of the trial where he claims counsel was ineffective. These complaints have been examined in light of what the court said in Williams v. Beto, 354 F.2d 698 (5th Cir.): "as no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight." Further, the adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation. Baker v. State, 204 Kan. 607, 464 P.2d 212; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677. We conclude that the record reflects appellant had adequate representation in the trial court.

■ Appellant complains of the court admitting into evidence the marihuana, two letters written by the appellant and the character testimony of Witnesses Bowes and Johnston. Officer Cox testified she put the marihuana in an envelope the night she obtained it, placed the envelope in her kitchen cabinet where it remained until 7:30 P.M. the next day, when she delivered it to Officer Smith, of the Amarillo Police Department, who testified he initialed it and delivered same to Chemist Dunn. Witness Dunn testified he received the substance from Officer Smith and that he

ran a test on it and found the substance to be marihuana. Appellant contends that since Officer Cox did not have a lock on her cabinet, other members of her family had access to it. In Wright v. State, 420 S.W.2d 411, where marihuana cigarettes had been left on top of the chemist's desk for three weeks and other people had access to them, this court held absent a showing that the exhibits had been tampered with, appellant's objection went to the weight rather than the admissibility of the evidence. See also Walker v. State, Tex. Cr.App., 470 S.W.2d 669.

Appellant complains that no methods were used to insure that the envelope containing the marihuana could not have been opened. Like appellant's last contention, the objection goes to the weight rather than the admissibility of the evidence, since there is no showing that the exhibit had been tampered with.

■ Appellant complains of the court allowing the state to introduce into evidence two letters written by appellant. The letters were introduced in the course of state's cross-examination of appellant. When the state offered the letters, counsel for appellant stated to the court, "No objection" and "We have no objections, Your Honor." There being no objection to the offer of the letters, nothing is presented for review. Parsley v. State, Tex.Cr.App., 453 S.W.2d 475; Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

■ Appellant complains that Witnesses Bowes and Johnston were allowed to testify at the penalty stage of the trial that his reputation for being a peaceful and law abiding citizen was bad when they had known him only since he was arrested for the alleged offense herein. Bowes and Johnston testified that they had known of appellant for a longer period of time than they had known him personally. There is nothing to show that the testimony complained of was based solely upon the sale

of marihuana charge so as to render the testimony inadmissible. Pogue v. State, Tex.Cr.App., 474 S.W.2d 492 (1971); Frison and Watts v. State, 473 S.W.2d 479 (1971).

 The appellant complains that the jury argument of the state was improper. The record reflects that the only objection appellant made to jury argument was sustained; no request was made for the court to instruct the jury to disregard the remarks and no motion for a mistrial was made.

The appellant complains for the first time on appeal of numerous remarks made by the state in its argument. No objection having been made in the trial court, nothing is presented for review. Garcia v. State, Tex.Cr.App., 428 S.W.2d 334.

 Appellant contends the punishment was too harsh in view of the appellant's age, no prior felony record, appellant's intention to go to college and the many errors committed during the trial. This court has held that the penalty for sale of marihuana is not unconstitutional on the theory that punishment was cruelly excessive in relationship to offense and fails to satisfy equal protection standards required in statutory classification. Johnson v. State, 447 S.W.2d 927; Martinez v. State, 373 S.W.2d 246. The penalty range under Art. 725b, Vernon's Ann.P.C., for sale of marihuana, is by confinement in the penitentiary for not less than five years nor more than life. In Darden v. State, 430 S.W.2d 494, this court said "If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment." See also Sills v. State, Tex.Cr. App., 472 S.W.2d 119 (1971).

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.