**Joseph Owens IRVING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44546.

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Will Gray, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Lambert, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. A prior conviction of like character was alleged for enhancement under Article 62, Vernon's Ann.P.C. His punishment was assessed by the jury at life.

The sufficiency of the evidence is not challenged.

The record reflects that a man entered Zale's Jewelry Store in Houston and engaged the store manager in a conversation concerning diamond rings. A minute or so later the appellant entered the store and asked an employee to show him some items. After inspecting merchandise some five or six minutes, he walked to the door

as if to leave, turned around, pulled a gun out of his pocket and announced it was a holdup. The other man also pulled a gun. The appellant then ordered his companion to take two employees to the back of the store, forced the manager to open the cash register in the office and remove between $400 and $500 which was placed in a paper sack. He then ordered the manager to give him some diamond rings, cameras, watches and a radio. The property of the approximate value of $2500 was taken. The appellant threatened to kill the manager and the employees. He forced the manager to pull the telephone cord out of the wall. The robbers left after ordering the people in the store to stay there some twenty minutes.

Appellant's first ground of error is as follows:

"Defendant was denied due process of law contrary to the Fourteenth Amendment to the Constitution of the United States where the prosecution sought and obtained a life sentence by utilizing Defendant's prior conviction for enhancement purposes solely because the Defendant refused to accept the State's recommended sentence of twenty-five years and insisted upon his constitutional right to a jury trial."

His contention is apparently that the prior conviction was used against him solely because he allegedly declined to accept a recommendation of 25 years made by the State. His contention is not supported by the record.

The allegation of the prior conviction was made in the indictment some five months prior to the time the case was tried.

If the State made an offer to recommend a term of 25 years upon appellant's pleading guilty and appellant refused the offer insisting on a trial and pleading not guilty, the State would not be bound to comply with its refused offer nor dismiss the enhancement allegation of the indictment at the trial. No error is shown.

Next, the appellant contends that he did not have adequate representation because there was a conflict of interest between counsel and the appellant. Nothing in the record supports this allegation, and it is without merit.

The appellant was well represented.

The judgment is affirmed.

MORRISON and ODOM, JJ., not participating.