**Larry TWINE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44595.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

If the testimony complained of was based solely upon the offense charged herein, it would be inadmissible. We have carefully examined the testimony of the Witness Sutton and find nothing to show that his testimony was based solely on the robbery by firearms charge in the instant case. Absent such a showing, the testimony is admissible. See Pogue v. State, Tex.Cr. App., 474 S.W.2d 492 (1971); Frison v. State, Tex.Cr.App., 473 S.W.2d 479.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.

G. Stanley Rentz, Waco (Court Appointed), for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Kenneth H. Crow and Dick Kettler, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of robbery by firearms, where appellant entered a plea of guilty and punishment was assessed by a jury at fifty years.

Appellant's sole contention is that the Court erred in allowing a witness to testify as to appellant's reputation, when the witness had not heard appellant's reputation discussed prior to the commission of the offense.

Witness Sutton testified that he had heard appellant's reputation discussed as being a peaceful and law abiding citizen and that appellant's reputation was bad. Sutton testified, on voir dire examination, that he never heard appellant's reputation discussed prior to the date of the alleged offense.