**Darrall Ross LOVETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44870.**

Court of Criminal Appeals of Texas.

April 19, 1972.

W. Alfred Winder, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., William W. Chambers, Roger Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the sale of marihuana. Punishment was assessed by the jury at fifteen years.

The record reflects that undercover agent Weaver, of the Narcotic Division of the Fort Worth Police Department, purchased a plastic bag of marihuana from appellant on June 27, 1970, in Trinity Park, in Fort Worth.

The sufficiency of the evidence is not challenged.

 Appellant complains of the admission of the testimony of witness McDaniel at the penalty stage of the trial regarding appellant's reputation as a peaceful and law-abiding citizen, when the witness had known him only since he was arrested for the offense herein.

Officer McDaniel testified that he had known appellant about ten months (ten months had elapsed from the time of appellant's arrest until his trial); that he knew his reputation in the community, in which he resides, for being a peaceful and law-abiding citizen and in response to a question whether such reputation was good or bad, answered: "It's very bad."

The same contention made here was urged in Witt v. State, Tex.Cr.App., 475 S.W.2d 259, and this Court rejected same, saying: "There is nothing to show that the testimony complained of was based solely upon the sale of marihuana charge so as to render the testimony inadmissible. Pogue v. State, Tex.Cr.App., 474 S.W.2d 492 (1971); Frison and Watts v. State, Tex.Cr.App., 473 S.W.2d 479 (1971)." See also Twine v. State, Tex.Cr.App., 475 S.W. 2d 774 (1972). As in Witt, there is nothing in the instant case to show that the testimony was based solely upon the sale of marihuana charge.

 Appellant contends that a sentence of fifteen years for the sale of marihuana, in the instant case, is an excessive sentence under the Eighth Amendment of the United States Constitution. Appellant bases his contention upon the evidence that he sold only one-half ounce of marihuana and further that penalties for possession and sale of marihuana are more strenuous in Texas than in other states.

The sentence imposed on appellant was well within the limits authorized by law and is not so excessive, cruel, and unusual as to violate constitutional protection. Sills v. State, Tex.Cr.App., 472 S.W.2d 119; Darden v. State, Tex.Cr.App., 430 S.W.2d 498; Lambright v. State, Tex.Cr.App., 318 S.W.2d 654.

No error is shown.

The judgment is affirmed.

Opinion Approved by the Court.