**Eli NICHOLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46088.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Rehearing Denied June 13, 1973.

Alfred W. Offer, San Antonio, for appellant.

Ted Butler, Dist. Atty., John L. Quinlan, III, F. G. Rodriguez, and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with the intent to commit theft; the punishment, six years imprisonment.

■ By ground of error number four, it is urged that the indictment failed to allege an offense and is too general, vague and indefinite to put the appellant on notice of what he had to defend against.

The appellant argues the indictment should allege: "What type of house was involved; where such house was located; and where any alleged force was applied; where or in what manner any alleged breaking or entering occurred; what was broken; what was entered; how it was entered; the nature and type of any personal property; the value, if any, of any personal property; and when any alleged burglary occurred, that is, whether it was in the daytime or in the nighttime." These are matters of evidence and need not be alleged. The allegations of the indictment are sufficient.[1] See Stephens v. State, 69 Tex.Cr.R. 379, 154 S.W. 1001 (1913); Howard v. State, 480 S.W.2d 191 (Tex. Cr.App.1972); Samora v. State, 474 S.W. 2d 242 (Tex.Cr.App.1971); Lopez v. State, 472 S.W.2d 771 (Tex.Cr.App.1971); Lambert v. State, 432 S.W.2d 901 (Tex.Cr. App.1968); Greeson v. State, 408 S.W.2d 515 (Tex.Cr.App.1966); Thomas v. State, 168 Tex.Cr.R. 544, 330 S.W.2d 201 (1959); Willson's Criminal Forms, Sec. 1921, p. 433; 4 Branch's Ann.P.C. 2nd 833, Secs. 2513, et seq.

■ Grounds of error number two and three challenge the sufficiency of the evidence.

The witness Ollie Mae Randal[2] saw the appellant break the window in the front door of a tailor shop with a hammer soon after the shop had been closed for the evening by the proprietor. This witness, who had known the appellant prior to this time, saw him take clothing from the shop and walk away at a fast pace. Another witness, Mary Huron, saw the appellant walking away from the tailor shop carrying a bundle of clothing. Ruben Huron, the proprietor of a near-by business establishment, had left a suit at the tailor shop to be altered. After he learned the shop had been entered by a burglar and his suit removed, he called Ollie Mae Randal to inquire if she had seen anyone entering the tailor shop. As a result of the telephone call Huron went to the Poco Hotel looking for the ap-

---

1. Omitting the formal parts, the indictment reads:

   "ELI NICHOLS did then and there, unlawfully, by force, break and enter the house occupied and controlled by MARY V. LOPEZ without the consent of the said MARY V. LOPEZ and with the intent then and there fraudulently to take from said house corporeal personal property therein being and belonging to the said MARY V. LOPEZ from the possession of the said MARY V. LOPEZ without his consent, and with the intent to deprive the said MARY V. LOPEZ, the owner of said property, of the value thereof, and to appropriate the same to the use and benefit of him, the said ELI NICHOLS."

2. The record uses both the name "Ollie Mae Randal" and "Ola Mae Randal" for this witness.

pellant. The appellant had worked next door to the tailor shop and Huron knew him. Huron found the appellant at the Poco Hotel in possession of a cardboard box containing suits, including the suit which Huron had left at the tailor shop.

The evidence is sufficient to support the jury's verdict.

Grounds of error number five and seven complain that after the appellant testified at the guilt-innocence stage of the trial, over objections that they were too remote, the State was permitted to show for the purpose of impeachment that the appellant had been convicted of two prior felony offenses.

A defendant who takes the stand as a witness on the trial on the merits may be cross-examined and impeached in the same manner as any other witness. A witness in a criminal case may be impeached by showing that he has been convicted for a felony offense or a misdemeanor offense involving moral turpitude. The conviction must be a final conviction[3] and must have occurred at a time sufficiently recent to have some bearing on the present credibility of the witness. Bustillos v. State, 464 S.W.2d 118 (Tex.Cr.App.1971) and the cases therein cited.

The appellant had been convicted of the felony offense of theft from the person on January 19, 1960, and had received a suspended sentence. On December 5, 1961, he was again convicted of the felony offense of theft from the person. The record shows that the appellant was still serving his sentence for the 1961 conviction February 7, 1963. Since the imprisonment for the 1961 conviction terminated less than nine years before the trial of this case, in October, 1971, it was not too remote to be used for impeachment purposes. Penix v. State, 488 S.W.2d 86 (Tex.Cr.App.1972); Bustillos v. State, su-

pra; King v. State, 425 S.W.2d 356 (Tex. Cr.App.1968) and Couch v. State, 158 Tex.Cr.R. 292, 255 S.W.2d 223 (1953). Since the appellant had not reformed, the prior felony conviction was also admissible. Williams v. State, 449 S.W.2d 264 (Tex. Cr.App.1970); Walker v. State, 166 Tex. Cr.R. 297, 312 S.W.2d 666 (1958); Harding v. State, 151 Tex.Cr.R. 508, 208 S.W. 2d 892 (1948).

The appellant contends that the suspended sentence was improperly imposed and cumulated with the sentence assessed on December 5, 1961. Even if the imposition and cumulation of the suspended sentence were improper, it would not preclude the use of the conviction for impeachment purposes in view of the facts already stated.

Grounds of error number six and eight complain of proof of the same prior convictions at the punishment phase of the trial because they were too remote and that the evidence offered in proof of these prior convictions was hearsay evidence. These prior convictions were admissible under the provisions of Article 37.07, Sec. 3(a), V.A.C.C.P. to show the prior criminal record of the appellant. Remoteness is not a bar to the admission of prior convictions for this purpose. Lott v. State, 480 S.W.2d 743 (Tex.Cr.App.1972); Schreiner v. State, 478 S.W.2d 460 (Tex.Cr.App. 1972); Rose v. State, 470 S.W.2d 198 (Tex.Cr.App.1971); Martin v. State, 463 S.W.2d 449 (Tex.Cr.App.1971) and Ingram v. State, 426 S.W.2d 877 (Tex.Cr.App. 1968). The proof of the prior convictions was made in the usual manner by the introduction of prison packets containing the judgments, sentences, photograph and fingerprints of the convict. This proof with other evidence showing the appellant to be one and the same person as the one convicted in the prior cases is sufficient. See Tomlin v. Beto, 377 F.2d 276 (5th Cir. 1967); Blake v. State, 468 S.W.2d 400 (Tex.Cr.App.1971); Lopez v. State, 464

---

3. An exception is the unexpired probation and suspended sentence case. See Article 38.29, Vernon's Ann.C.C.P.

S.W.2d 882 (Tex.Cr.App.1971) and Vessels v. State, 432 S.W.2d 108 (Tex.Cr.App. 1968).

■ The appellant's ninth ground of error asserts that a proper predicate had not been laid to authorize the admission of the police officers' testimony that the appellant's general reputation for being a peaceful and law abiding citizen in the community was bad. He urges that his character was not an issue until such time as appellant placed it in issue. Article 37.-07, Sec. 3(a), V.A.C.C.P., authorizes the admission of such testimony. Officers Newman and Thuleen both testified they knew the appellant and that his general reputation for being a peaceful and law abiding citizen was bad. The appellant did not challenge the basis of the officers' knowledge on voir dire or cross-examination.

Police officers may testify as to a defendant's general reputation for being a peaceful and law abiding citizen in the community. Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971). Each of the police officers stated that he was acquainted with the appellant's reputation and it was not shown to be based solely upon the events leading to the present prosecution. See Wright v. State, 491 S.W.2d 936 (Tex.Cr. App.1973). They were not shown to be unqualified reputation witnesses. Crawford v. State, 480 S.W.2d 724 (Tex.Cr. App.1972); Frison v. State, supra; Pogue v. State, 474 S.W.2d 492 (Tex.Cr.App. 1971); Witt v. State, 475 S.W.2d 259 (Tex.Cr.App.1971); Irving v. State, 475 S.W.2d 777 (Tex.Cr.App.1972) and Lovett v. State, 479 S.W.2d 286 (Tex.Cr.App. 1972).

■ The appellant's tenth ground of error asserts that the trial court erred in allowing Ollie Mae Randal to testify for the State. The appellant alleges that the failure of the State to list Ollie Mae Randal as a witness on the indictment barred her use as a witness.

The testimony of this witness was first developed outside the presence of the jury, and the appellant's counsel was given sufficient time to secure a "rap sheet" for the witness. It showed her prior criminal record, and prior misdemeanor convictions involving moral turpitude were used for impeachment purposes.

The record shows that representatives of the District Attorney's Office gained the information as to the name of this witness only the day before the trial, and that there had been no suppression of her name. The provision of Article 20.20, V.A.C.C.P. for the endorsement of names of witnesses on an indictment upon whose testimony the same is found appears to have no application under the facts of this case. In any event, in the absence of a proper motion, the failure to comply with that Article is not a ground for excluding the testimony of a State's witness whose name was not placed on the indictment. Linzy v. State, 478 S.W.2d 950 (Tex.Cr.App.1972); Jenkins v. State, 468 S.W.2d 432 (Tex.Cr. App.1971); Mullins v. State, 425 S.W.2d 354 (Tex.Cr.App.1968) and Pruett v. State, 114 Tex.Cr.R. 44, 24 S.W.2d 41 (1929). The appellant's contention is overruled.

■ Appellant's eleventh ground of error complains of the court's action in communicating with the jury pursuant to a request made by the jury concerning the testimony of the witness Ollie Mae Randal.

The trial judge carefully followed the procedure required by Article 36.27, V.A. C.C.P. in answering the jury's question. The portion of the witness' testimony about which the jurors said there was a dispute was read to them by the court reporter. There was no abuse of discretion and the trial court did not err in refusing to have any additional testimony read to the jury. See Johnson v. State, 444 S.W. 2d 765 (Tex.Cr.App.1969) and Duncan v. State, 454 S.W.2d 736 (Tex.Cr.App.1970).

■ The appellant also urges that the trial court erred in its submission of a

limiting charge regarding the evidence used to impeach the witness Ollie Mae Randal.

This complaint is not before the court for consideration, because neither written objections to the court's charge nor a written request for the charge desired was filed with the trial court, as required by Articles 36.14 and 36.15, V.A.C.C.P. Objections dictated to the court reporter are not sufficient to preserve error. See e. g., Woods v. State, 479 S.W.2d 952 (Tex. Cr.App.1972) and Fennell v. State, 460 S. W.2d 417 (Tex.Cr.App.1970).

 The appellant's ground of error urging that the jury's assessment of six years' punishment is excessive is without merit. The punishment assessed is within the range of the punishment provided for the offense of burglary with intent to commit theft. Article 1397, Vernon's Ann.P.C. Such punishment is not cruel and unusual within the constitutional provisions. Hill v. State, Tex.Cr.App., 493 S.W.2d 847 (1973); Samuel v. State, 477 S.W.2d 611 (Tex.Cr.App.1972); Sills v. State, 472 S. W.2d 119 (Tex.Cr.App.1971) and Green v. State, 435 S.W.2d 513 (Tex.Cr.App.1969).

The appellant's remaining ground of error urges that the trial judge was disqualified from hearing this cause because he was a prosecutor when the appellant was convicted for a prior offense used both for the purposes of impeachment and to show the appellant's prior criminal record at the punishment stage of the trial.

The appellant cites and relies upon Article 30.01, V.A.C.C.P., which provides that no judge shall sit in any case where he has been of counsel for the state, and he also cites and relies upon Pennington v. State, 169 Tex.Cr.R. 183, 332 S.W.2d 569 (1960). Pennington v. State, supra, was overruled in Hathorne v. State, 459 S.W.2d 826 (Tex.Cr.App.1970). Griffin v. State, 487 S.W.2d 81 (Tex.Cr.App.1972) and Hathorne v. State, supra, are authority for

holding that the appellant's contention is without merit and such contention is overruled.

The judgment is affirmed.

Opinion approved by the Court.