**Walter Earl PROCTOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47655.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

David F. Farris, Fort Worth (Court appointed on appeal only), for appellant.

Tim Curry, Dist. Atty., Clint D. Starr and Wm. E. Burdock, Asst. Dist. Atty's, Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

The offense is robbery; the punishment, set by the jury, is nineteen (19) years' confinement.

In the early evening of July 6, 1972, Jerry Long was the attendant in charge of the Jot-Em-Down convenience store located in South Fort Worth. While in the store, he was robbed by a Negro male who took $50 to $60 from the cash register while holding a gun upon Long. The robbery was witnessed by a thirteen year old boy who came in a side door of the store while the robbery was in progress but who made himself as inconspicuous as possible while the robber was on the premises.

Although Long gave a detailed physical description of the robber, he was unable to identify him positively either upon the trial or in a police lineup several weeks after the occurrence. The boy, on the other hand, was positive in his identification—both in the lineup and upon the trial. The captain of a fire department station across the street from the drive-in 'grocery observed an Oldsmobile Toronado with four Negro males therein go to the store where one alighted and went inside. He continued to observe the car and saw the man return to the car and drive off. Being suspicious that a robbery had taken place, he sent a fireman over to ascertain if such had in fact occurred. He immediately reported the incident to the fire station, and through its direct line, to the police department. A police investigation was begun immediately, based to some extent at least upon the fire captain's description of the escape vehicle.

Several weeks later, appellant was arrested while riding in a car fitting the description of that seen leaving the premises after the robbery. It was then that the lineup was conducted with the boy positively identifying the appellant as the robber.

The case was diligently and competently defended and a full inquiry into the facts developed some inconsistencies in the testimony of the State's witnesses, all of which were exploited by defense counsel. Appellant did not testify but did offer his mother who testified as to his wearing a mustache all of the time (there being some discrepancies in the State's testimony as to whether the robber actually had a mustache), and several others who testified to facts establishing an alibi.

The court's charge comes to us without objection and appellant raises four grounds of error in seeking a reversal.

Appellant first complains that three police officers were not qualified to testify to his general reputation upon the punishment stage of the proceeding. Each witness testified that he was familiar with the appellant's reputation for being a peaceable and law-abiding citizen in the community and that it was bad. Appellant did not take the witnesses on voir dire nor did he cross-examine them on the source of their knowledge. We note in passing that appellant was convicted in 1970 of the offense of burglary and placed upon probation.

■ Under the authoritative case of Frison v. State, 473 S.W.2d 479, 485 (Tex.Cr.App.1971), no error is shown. Appellant has not demonstrated that the officers' knowledge was based solely upon the events leading to the present prosecution; and, the witnesses were not shown to be unqualified. Accord: Pogue v. State, 474 S.W.2d 492 (Tex.Cr.App.1971); Witt v. State, 475 S.W.2d 259 (Tex.Cr.App. 1971); Brown v. State, 475 S.W.2d 761 (Tex.Cr.App.1971); Twine v. State, 475 S.W.2d 774 (Tex.Cr.App.1972); Lovett v. State, 479 S.W.2d 286 (Tex.Cr.App.1972); Crawford v. State, 480 S.W.2d 724 (Tex. Cr.App.1972); Roberts v. State, 489 S.W. 2d 113 (Tex.Cr.App.1972); Wright v. State, 491 S.W.2d 936 (Tex.Cr.App.1973); Connally v. State, 492 S.W.2d 578 (Tex. Cr.App.1973); Nichols v. State, 494 S.W. 2d 830 (Tex.Cr.App.1973).

Appellant next complains that the trial court erred "in permitting the State to bolster the testimony of the witness Blade with evidence that he identified the appellant in a line-up." Blade, the boy who witnessed the actual robbery, testified that he identified appellant in a police lineup. Appellant called Officer Burkhardt of the police department who conducted the lineup and established that the victim, Jerry Long, was unable to identify appellant in the lineup. This fact had already been established by Long's own testimony as well as a signed copy of the record of the lineup previously introduced by the State.

Upon cross-examination, State's counsel elicited from Officer Burkhart that the boy, Eddie Blade, had identified appellant in the same lineup. This was done by exhibiting a copy of the record signed by Blade. Appellant's objection to this testimony was in this language:

"Your Honor, we desire to have our previous objection·heretofore urged to this exhibit continued, that it is hearsay; that it is a self-serving declaration; that it is a mere prior inconsistent statement and it is prejudicial."

The objection being overruled, the witness testified that Blade picked out number one in the lineup, shown to be appellant.

■ The specific objection made to the testimony, hearsay, self-serving declaration, etc., was manifestly untenable and the court committed no error in overruling such objection. The reference to the "previous objection heretofore urged to this exhibit" presents a more difficult question since appellant had earlier made an objection to the introduction of such written instrument on the ground that it was "an attempt on the part of the State apparently to prop up their own witnesses and not justified hearsay and outside the presence of this Defendant."

■ The sole authority relied upon by appellant is Lyons v. State, 388 S.W.2d 950 (Tex.Cr.App.1965). The reliance is misplaced since appellant had attempted to impeach Blade by showing that he did not know whether the appellant was on the right or the left side of the lineup, whether or not he had a mustache, etc. *Lyons,* supra, was distinguished in an almost identical fact situation in the case of Beasley v. State, 428 S.W.2d 317, 319 (Tex.Cr.App. 1968). There, as here, appellant had attempted to impeach the State's witness relative to his identification of appellant in the lineup. We find no reversible error in the admission of the testimony and ground two is overruled. Cf. Frison v. State, supra (473 S.W.2d at 482).

In ground three appellant complains that the trial court erred in refusing to permit him to produce newly discovered evidence at the hearing.

After trial appellant filed a motion "to hear and examine evidence" requesting the court to order the radio dispatch records, etc., of the Fort Worth police made available to him. He contended Captain Ward, the fireman, had described the escape vehicle as having a black vinyl top with a light gray or green bottom and that description was used in arresting the appellant sometime later; that he had good reason to believe that Ward had actually described the automobile as a powder blue Oldsmobile Toronado with a white or light colored vinyl top. The court granted such motion.

Subsequently, appellant filed his amended motion for new trial in which he alleged newly discovered evidence. His counsel swore to the motion and attached thereto an unsworn, uncertified photocopy of Fort Worth Police Department records partly in handwriting reflecting that Jerry W. Long had reported a robbery and that the robber had left in "a White/Blue 68–70 Olds Tornado (sic)." [1]

The State filed a controverting affidavit and brief in which it called the court's attention to the fact that the mere attachment was not sufficient to satisfy the affidavit requirements of a motion for a new trial based upon newly discovered evidence. Huffman v. State, 479 S.W.2d 62 (Tex. Cr.App.1972), was cited.

The appellant made no effort to amend his motion. At the hearing on the amended motion for new trial the court refused to hear evidence, noting the motion was not in proper form.

In Fontenot v. State, 426 S.W.2d 861 (Tex.Cr.App.1968), this court wrote:

"The final group of grounds of error is addressed to the alleged refusal of the court to hear testimony as to newly discovered evidence. The motion in this respect is also deficient because it was not supported by the affidavits of witnesses who could testify to the newly discovered evidence." (Cases cited omitted). See also Barrera v. State, 371 S. W.2d 881 (Tex.Cr.App.1963); Huffman v. State, supra.

It is clear that the trial court relied upon this line of cases for the action it took in refusing to hear evidence. We find no abuse of discretion.

Finally, appellant claims that the State's attorney committed reversible error in his argument to the jury at the guilt-innocence stage of the proceeding. Appellant made no request that the argument be reported and we have no transcript showing either the argument or the objections thereto. Instead, we have a bill of exception prepared by appellant's counsel which bears a lengthy qualification appended by the trial court.

According to the bill, State's counsel argued that one of the reasons Long may not have been able to identify appellant as the robber was because of his fear of reprisal or personal harm from appellant or his associates. The bill was qualified by the trial judge, who found that the assistant district attorney "did not refer to the defendant or his associates as being the source of any reprisal which the injured party might bear as the reason for the inability or reluctance of the witness to identify the defendant as his assailant."

The other reason assigned by the prosecutor, according to the bill, was that Long was so frightened that he could not observe and remember the appearance of the robbery. The trial court found this was an appropriate reply to argument of appellant's counsel and was a proper deduction from the evidence to explain such inability to identify appellant as the robber.

1. The photocopy showed that Long made the call to the police, but the record reflects that Long did not see the escape vehicle.

When appellant accepted the qualifications of the trial court to his bill of exception, he was bound thereby. Cook v. State, 398 S.W.2d 284, 287 (Tex.Cr.App. 1965). See also cases collated in 1 Branch's Ann.P.C. (2d ed. 1956), Sec. 237, p. 275, et seq. The bill of exception, as qualified, presents no error and ground four is overruled. 1 Branch's, supra, Sec. 390, p. 409.

The judgment of the trial court is affirmed.

Opinion approved by the court.