Virgle ELLIS, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 53228.

Court of Criminal Appeals of Texas.

Nov. 10, 1976.

Arthur J. Brender, Jr., Fort Worth, court appointed, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, James G. Bennett and Jack J. Strickland, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant plead guilty and was convicted for aggravated robbery. Punishment was assessed by the jury at eighty-five years.

The record reflects that on January 31, 1975, appellant and Willie Earl Mathis, act-

ing together, and using and exhibiting pistols, robbed Norman Johnson, manager of a grocery store in Fort Worth, of money. Charles Johnson, father of Norman Johnson, was shot and killed by Mathis in the course of the robbery.

At the time of the offense appellant was over the age of fifteen years, but under seventeen years of age, he having been born February 14, 1959. He was also under seventeen on the date of the trial, January 19, 1976.

Appellant initially contends that the trial court had no jurisdiction over him since he was a juvenile under the age of seventeen years at the time of the offense and "the record contains no order indicating that the Juvenile Court of Tarrant County, Texas, waived jurisdiction and certified appellant for criminal prosecution."

V.T.C.A. Penal Code, Sec. 8.07, Age Affecting Criminal Responsibility, provides in part as follows:

"(a) Except as provided by Subsection (c) of this section, a person may not be prosecuted or convicted for any offense that he committed when younger than 15 years.

"(b) Except as provided by Subsection (c) of this section, a person who is younger than 17 years may not be prosecuted or convicted for any offense, unless the juvenile court waives jurisdiction and certifies him for criminal prosecution."

The exceptions provided in Sub-section (c) have no application to the instant case.

V.T.C.A. Family Code, Sec. 54.02, Waiver of Jurisdiction and Discretionary Transfer to Criminal Court, in Sub-section (a) provides:

"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

"(1) the child is alleged to have violated a penal law of the grade of felony;

"(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

"(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings."

The remaining provisions of Art. 54.02 set forth the procedure to be followed by the juvenile court if such a hearing and determination is to be had.

■ Included in the appellate record are the transcript, a supplemental transcript, and the statement of facts. The latter includes in addition to the transcription of the court reporter's notes at the trial on guilt and punishment the transcription of his notes of evidence at an examining trial prior to indictment, held October 7, 1975. The transcript, as distinguished from the supplemental transcript, does not contain an order waiving jurisdiction by the juvenile court and transferring same to the district court. However, the supplemental transcript, filed in this Court the same day as the original and the statement of facts, does contain such an order. This order of waiver of jurisdiction of the juvenile and transferring jurisdiction over him and this case was signed February 26, 1975 by Hon. Scott Moore, Judge of the Juvenile Court of Tarrant County, after a full hearing. We have examined it, and we find that it fully and completely complies with all the provisions of V.T.C.A. Family Code, Sec. 54.02, supra. The order waived jurisdiction over appellant and the instant offense, and transferred jurisdiction to the Criminal District Court No. 4, Tarrant County. After appellant's brief was filed in the trial court, that court directed that the order be filed in that court and forwarded to this Court in the supplemental transcript.

The statement of facts reflects that on October 7, 1975, Hon. Gordon L. Gray,

Judge of Criminal District Court No. 4 of Tarrant County, conducted an examining trial in that court on complaints filed against appellant and Willie Earl Mathis involving the instant robbery case to determine whether they should be bound over for grand jury action. The fact that the district court had been given jurisdiction of this matter is established by Judge Gray's [1] opening remarks as follows:

"THE COURT: We have the case of Willie Earl Mathis and Virgle Ellis III. They have both—the Juvenile Court waived jurisdiction in both of these cases, and I have the copy of the order signed by Judge Scott Moore, so we will have the examining trial . . . ."

At the conclusion of the hearing, during which there was testimony of the hearing in juvenile court, Judge Gray stated:

"Okay, I will accept jurisdiction in both cases from the Tarrant County Juvenile Court, and I will bind these two over to the grand jury, and hold them without bond."

In his supplemental brief, appellant challenges the propriety of this Court considering the order of waiver and transfer of jurisdiction since the record does not show that it was filed in the trial court at the time of the trial. Regardless of whether the order of the juvenile court was actually on file with the papers in the case, the record reflects that the juvenile court had waived jurisdiction over appellant and had transferred it to the district court in which all subsequent criminal proceedings were had, and that the district court had such order in its possession and acted on the waiver and transfer and assumed jurisdiction when the examining trial was conducted before indictment was returned.

Furthermore, the original transcript was approved by the court on May 10, 1976, and after receiving an extension of time, appellant filed his brief in the trial court July 14. Within five days thereafter, on July 19, the order of the juvenile court was filed in the district court, while that court still had jurisdiction. See Art. 40.09, Sec. 12, V.A.C.C.P.; *Guzman v. State*, Tex. Cr.App., 521 S.W.2d 267, 272; *Webb v. State*, Tex.Cr.App., 460 S.W.2d 903. The supplemental transcript containing the order reflects that the clerk duly notified counsel for the appellant and for the State of the court's approval of the transcript containing the order, and does not reflect any objections thereto. See Art. 40.09, Sec. 7, V.A.C.C.P. A month later, on August 31, the transcript, supplemental transcript and statement of facts were filed in this Court. Under the circumstances reflected, the trial court properly directed that the supplemental transcript be filed in order that the true facts might be shown and the record speak the truth.[2] See *Guzman v. State*, supra; *Almand v. State*, Tex.Cr.App., 536 S.W.2d 337.

The record reflects that the trial court had jurisdiction. See *Moreno v. State*, Tex.Cr.App., 511 S.W.2d 273; *Tatum v. State*, Tex.Cr.App., 534 S.W.2d 678. The first ground of error is overruled.

Appellant next urges fundamental reversible error in the admission of "character evidence of such a nature as to inform the jury of prior juvenile delinquency adjudications against appellant."

Witnesses Jerry Wood, David Taylor and Bob Tacker, all juvenile probation officers, and Robert Campbell, E. W. Geeslin and B. J. Humphreys, police officers, testified that they knew the reputation of appellant in

---

1. The indictment in the instant case was presented by the grand jury November 18, 1975 in Criminal District Court No. 4, Tarrant County. The trial of this case was conducted in that court, with Judge Gordon L. Gray presiding. Appellant was represented at both the examining trial and the trial after indictment by the Hon. Charles E. Webb.

2. We strongly advise that to prevent jurisdictional problems from arising the order of the juvenile court waiving jurisdiction and transferring same to the proper court for criminal proceedings, see Family Code, Sec. 54.02(h) be filed with the clerk of the court to which the jurisdiction is transferred prior to or at the time of the examining trial provided in subsection (h) and, in the event of an indictment, be kept with the court papers in the case.

the community in which he resided for being a peaceable and law-abiding citizen, and that such reputation was bad. None of these witnesses were asked about any adjudications of juvenile delinquency or other specific matters, and their only testimony regarded general reputation. There was no evidence introduced before the jury that appellant had a juvenile record.

■ It is well established that a juvenile officer after being qualified is as competent as any other witness to testify concerning a defendant's reputation. *Allen v. State*, Tex.Cr.App., 533 S.W.2d 352 and authorities there cited; *Fortson v. State,* Tex. Cr.App., 474 S.W.2d 234. Appellant has not demonstrated that the officers' knowledge was based on the events leading to the present prosecution, or to any adjudications of juvenile delinquency. *Proctor v. State*, Tex.Cr.App., 503 S.W.2d 566. Punishment being the only issue in this trial before a jury on a plea of guilty, the general reputation testimony was admissible.

Furthermore, each of the above named witnesses except Wood testified without objection. See *Allen v. State*, supra; *Mitchell v. State*, Tex.Cr.App., 524 S.W.2d 510.

Reversible error is not presented.

The judgment is affirmed.

Opinion approved by the Court.