**Pablo SOLIZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–90–00189–CR.**

Court of Appeals of Texas,
San Antonio.

April 3, 1991.

Rehearing Denied May 2, 1991.

Homero C. Canales, Alice, for appellant.

Richard C. Terrell, Dist. Atty., Falfurrias, for appellee.

Before BIERY, CARR and GARCIA, JJ.

## OPINION

BIERY, Justice.

Pablo Soliz, Jr., appellant, was convicted by a jury of the offense of murder, with the punishment being assessed by the jury at five years' confinement and a $10,000.00 fine. In one point of error, Mr. Soliz contends that the trial court erred in not allowing the impeachment of a state's witness, Roel Hinojosa, by showing that Roel Hinojosa was on deferred adjudication probation for a felony offense at the time he testified. We affirm.

Mr. Soliz contends that Hinojosa's testimony was damaging in that it showed Soliz to be the aggressor in the incident which resulted in the death of Rafael Carvajal. Because of this damaging testimony, Soliz wanted to cross-examine Hinojosa, pursuant to Rule 609 of the Texas Rules of Criminal Evidence, about the fact that Hinojosa was on deferred adjudication probation for burglary of a building at the time he testified. The trial judge sustained the state's objection to the proffered impeachment question on the ground that Rule 609 requires the person being impeached to have been convicted of the crime, whereas article 42.12, § 5(a) of the Texas Code of Criminal Procedure specifically provides that there is no conviction or finding of guilt if a person is placed on deferred adju-

dication probation. *Ex parte Shillings,* 641 S.W.2d 538, 540 (Tex.Crim.App.1982).

Mr. Soliz candidly admits that there are no cases to support his argument; however, he invites us to hold that deferred adjudication is the same for purposes of impeachment as regular probation and cites *Nichols v. State,* 494 S.W.2d 830 (Tex.Crim. App.1973). In *Nichols,* the court held that a suspended sentence of probation is a final conviction and could be used for the purpose of impeachment.[1] We see a distinction however between regular probation, as in *Nichols,* and deferred adjudication probation in that the legislative scheme of deferred adjudication specifically requires that no finding of guilt be entered in the deferred adjudication situation. We therefore decline Mr. Soliz's invitation to expand Rule 609 of the Rules of Criminal Evidence[2] to include deferred adjudication as a conviction. Accordingly, the point of error is overruled.

The judgment of the trial court is affirmed.

---

1. *Nichols* relied on former article 38.29 of the Code of Criminal Procedure which was repealed by Rules 608 and 609, Texas Rules of Criminal Evidence. Also, "probation" as used in article 38.29 is not equivalent in a significant sense to "probation" as used in article 42.12, § 3d of the Code of Criminal Procedure. *Green v. State,*

663 S.W.2d 145, 146 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd).

2. We assume the authors of Rule 609 understood the difference between regular probation and deferred adjudication probation, and used the term "conviction" in its traditional sense.