IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00306-CR

 

Jackie Leon Teague,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court No. F38259

 



MEMORANDUM  Opinion



 

          Jackie Leon Teague attempts to appeal
his conviction of possession of a controlled substance with intent to deliver. 
After a nonjury trial, the trial court sentenced Teague to 99 years in prison
and assessed a $10,000 fine on February 2, 2005.  Teague filed a timely motion
for new trial that was overruled by operation of law.  His notice of appeal was
filed on July 18, 2005, according to his Motion for Leave to File Out of Time
Appeal (which was not filed until August 30, 2005).  We will deny the motion
for leave and dismiss the appeal for want of jurisdiction.

Under Texas Rule of Appellate Procedure 26.2, a
notice of appeal must be filed within 30 days after the date sentenced is
imposed, or within 90 days after the date sentenced is imposed if the defendant
files a timely motion for new trial.  Tex.
R. App. P. 26.2(a).  A timely notice of appeal is essential to vest this
court with jurisdiction.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). 
Because Teague’s notice of appeal was untimely, we have no jurisdiction over
this appeal.  Olivo, 918 S.W.2d at 526.  Accordingly, we dismiss the
appeal for want of jurisdiction.[1]  See
Tex. R. App. P. 25.2(b), 43.2(f).

          

 

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed and
motion denied

Opinion delivered and
filed September 14, 2005

Do not publish

[CRPM]









    [1]       The
appropriate vehicle for seeking an out-of-time appeal is by writ of habeas
corpus from the Texas Court of Criminal Appeals pursuant to article 11.07 of
the Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05); Portley v.
State, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); Reyes v.
State, 883 S.W.2d 291, 293 n.2 (Tex. App.—El Paso 1994, no pet.).  Thus, we
deny the motion for an out of time appeal.








t 1986, no
pet.); DeGarmo v. State, 691 S.W.2d 657, 661 (Tex.Cr.App. 1985).
The State's witnesses on the issue of punishment included a
former field worker for the County Juvenile Probation Department,
a parole officer for the State Youth Commission and two city police
officers who testified that appellant's reputation for being a
peaceful and law-abiding citizen was bad. Appellant testified at
the punishment phase of the trial, held one year after the offense
was committed, that his age was eighteen. In his fifth complaint,
appellant urges reversible error in the reputation testimony from
the four witnesses just mentioned on grounds that the evidence was
of such a nature as to inform the jury of prior juvenile
delinquency adjudications against appellant, inadmissible under the
provisions of Art. 37.07, Vernon's Annotated Code of Criminal
Procedure, at the time the adjudications were made, and that the
evidence was of such a nature as to at least inform the jury that
appellant had a juvenile record. These arguments are without
merit. None of the witnesses was asked about any adjudications of
juvenile delinquency or other specific matters. Their testimony
concerned only the general reputation of appellant for being a
peaceable and law-abiding citizen. There was no evidence
introduced before the jury that appellant had a juvenile record. 
After being qualified, a juvenile officer is as competent as any
other witness to testify concerning a defendant's reputation. 
Ellis v. State, 543 S.W.2d 135, 138 (Tex.Cr.App. 1976); Chandler v.
State, 744 S.W.2d 341, 345 (Tex.App.--Austin 1988, no pet.). The
fifth point of error is overruled.
In his sixth, seventh and eighth points of error appellant
asserts that the trial court erred in permitting impeachment by
hearsay testimony of appellant's only witness at the
guilt/innocence phase of the trial, in overruling appellant's
requested instructions to the jury on the issue of mistake of fact
surrounding his knowledge that he possessed a prohibited weapon,
and in overruling requested instructions to the jury on self-defense. These complaints are overruled because they were waived
when appellant admitted his guilt at the punishment stage of the
trial to both crimes for which he has been found guilty. 
[T]he present law in Texas is that if a defendant does
not testify at the guilt stage of the trial, but does
testify at the punishment stage of the trial, and admits
his guilt to the crime for which he has been found
guilty, he has, for legal purposes, entered the
equivalent of a plea of guilty. The law as it presently
exists is clear that such a defendant not only waives a
challenge to the sufficiency of the evidence, but he also
waives any error that might have occurred during the
guilt stage of the trial.
DeGarmo v. State, 691 S.W.2d 657, 661 (Tex.Cr.App. 1985). 
As noticed earlier in this opinion in our discussion of point
of error number four, at the punishment phase of the trial
appellant admitted the essential elements of the State's case
surrounding his shooting of the deceased. He also admitted that
the weapon used was "a small .22-caliber sawed-off rifle." A
picture in evidence of the firearm appellant used supports the
testimony that it was a sawed-off .22-caliber rifle approximately
eighteen and one-half inches long, with a barrel about nine inches
long. A person commits the offense of possession of a prohibited
weapon if he intentionally or knowingly possesses a rifle with a
barrel of less than sixteen inches. V.T.C.A., Penal Code, sections
46.01(10) and 46.06. 
Furthermore, considered on their merits, appellant's sixth,
seventh and eighth points do not present reversible error. The
evidence is virtually undisputed that appellant became involved in
an argument with Roberta Henderson in front of an apartment
complex; that Roberta threatened appellant with a knife; that
appellant was carrying the weapon in question concealed under his
coat; that Roberta followed appellant and Jerome Tatum down the
sidewalk from the apartment complex to a bridge that crossed a
nearby creek; that appellant and Jerome Tatum walked across the
bridge while appellant and Roberta continued their argument; that
as appellant crossed the bridge he removed the gun from under his
coat, dropped the clip, picked up the clip and placed it in his
pocket; that when he reached the end of the bridge he replaced the
clip in the gun, told Tatum, "Rome, I'm going to scare these
whores," then turned and fired two shots in the general direction
of the apartment complex; and that one of bullets struck and killed
the deceased, Joyce Carpenter. Jerome Tatum's testimony was
substantially the same. In light of the entire record, if there
was preserved error in the court's ruling on the admission of
testimony impeaching Jerome Tatum, it is our determination beyond
a reasonable doubt that the error made no contribution to
appellant's conviction or punishment. 
To raise the defensive theory of mistake of fact, evidence
must show "that the actor through mistake formed a reasonable
belief about a matter of fact." V.T.C.A., Penal Code, Section
8.02. There was no evidence at trial about appellant's beliefs
surrounding his posession of the prohibited weapon or the nature of
the weapon, although there was testimony concerning Tatum's
thoughts about the gun. The evidence did not raise mistake of
fact. Montgomery v. State, 588 S.W.2d 950, 953 (Tex.Cr.App. 1979). 
When appellant fired the shots he was on one end of the bridge
across the creek and Roberta Henderson was on the other end, a
distance admitted by appellant of about twenty yards. Appellant
could have easily retreated if he was in fear of harm, as he said
he was; and in fact he turned his back toward Roberta and walked
away after he fired the shots. Furthermore, there was no evidence
of immediate need to use deadly force. The evidence did not raise
self-defense. Bray v. State, 634 S.W.2d 370, 372-73 (Tex.App.--Dallas 1982, no pet.). 
Appellant's points and contentions are overruled. The
judgments are affirmed.
 
                          VIC HALL
DO NOT PUBLISHJustice