Affirmed and Memorandum Opinion filed December 20, 2005













Affirmed and Memorandum Opinion filed December 20, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00644-CR

_______________

 

TIMOTHY THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 956,044

____________________________________________________

 

M E M O R A N D
U M   O P I N I O N

 

Appellant, Timothy Thompson, entered a plea of guilty for the
offense of aggravated robbery and was sentenced to twenty years= confinement.  In one issue, appellant contends that the
punishment was cruel and unusual in violation of the federal and state
constitutions.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.








A party must make a timely and specific objection, request,
or motion at trial to preserve error for appellate review.  Tex.
R. App. P. 33.1(a).  Appellant did
not make any objections to the trial court concerning his sentence.  Further, appellant did not file a motion for
new trial to set forth his claim of cruel and unusual punishment.  Consequently, appellant presents nothing for
review.  See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996); Nicholas v. State, 56 S.W.3d
760, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (holding appellant forfeited any
error with regard to his federal and state constitutional rights to be free of
cruel and unusual punishment when he failed to object or file a post-trial
motion on these grounds).

Moreover, appellant was convicted of aggravated robbery.  Aggravated robbery is a first-degree felony
with a punishment range of five to ninety-nine years or life imprisonment. See
Tex. Penal Code Ann. ' 29.03(b) (Vernon 2003); Tex. Penal Code Ann. ' 12.32(a) (Vernon 2003).  Appellant=s sentence of twenty years= imprisonment falls at the lower end
of the statutory range.  Punishment
within the statutory range is generally not considered disproportionate in
violation of federal and state constitutional prohibitions of cruel and unusual
punishment.  See Witt v. State,
475 S.W.2d 259, 262 (Tex. Crim. App. 1972). 
If, however, a punishment within the statutory range is found Agrossly disproportionate@ to the offense, courts must compare
it to sentences for similar crimes in the same jurisdiction and in other
jurisdictions.  Solem v. Helm, 463
U.S.
277, 291B92 (1983); Baldridge v. State,
77 S.W.3d 890, 893 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 
Here, there is nothing in the record to suggest that the severity of the
sentence was Agrossly disproportionate@ to the gravity of the offense.  Further, because the error was not properly preserved,
there is no evidence for us to review concerning sentences for comparable
offenses in this and other jurisdictions.

Appellant=s sole issue is overruled, and the judgment of the trial
court is affirmed. 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed December 20, 2005.

Panel consists of
Justices Yates, Hudson, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).