WILLIAM SCHMIDT v. THE STATE.

No. 9008.   Delivered May 6, 1925.

Rehearing denied June 17, 1925.

1.—Manufacturing Intoxicating Liquor—Argument of Counsel—Held Not Improper.

Where on a trial for manufacturing intoxicating liquor the proof showed that appellant was found in possession of a still, bottles jugs and many different kinds of whisky labels, it was not an unfair deduction for State's attorney in his argument to the jury to state that he was imposing on the public by selling misbranded bootleg whisky.

2.—Same—Motion to Quash—Properly Overruled.

Where there was more than one district court in the county of the prosecution, and the indictment did not recite into which district court the indictment was returned, was not sufficient ground to quash the indictment, and the motion to quash was properly overruled.

3.—Same—Statute Construed—Acts of 1903, page 9.

The use of the words, "except in criminal cases" in the acts creating the sixtieth district court of Jefferson County (Acts 1903, p. 9) goes no further than to leave the designation of indictments returned unto said sixtieth district court, and the said fifty-eighth district court of said county, subject to the general rules governing similar proceedings in other district courts in this state. See Sargeant v. State, 35 Tex. Crim. Rep. 325.

4.—Same—Charge of Court—Not on Weight of Evidence.

Where the testimony discloses that after his arrest, under instructions of the officers, appellant turned up the fire, and screwed down the top, and shortly after whisky began to run out of the top, it was proper, and not on the weight of the evidence for the court to charge the jury that if appellant manufactured whisky at the instance of the officers, and not voluntarily and of his own accord to acquit him.

**5.—Same—Evidence—Proof of Sales—Held Admissible.**

Where on a charge for manufacturing intoxicating liquor testimony was admitted that witness had gone to appellant to buy whisky and was shown a bucket, under which he found a half pint of liquor for which he gave appellant $1.50 was properly admitted. Proof of sales by the accused reasonably near the time of the manufacture of the liquor individuates him as the proprietor and manufacturer and are cogent in making out the case.

**6.—Same—Ilvidence—Exhibiting Still—Held Proper.**

The bringing of the still found in appellants barn into the court room where it could be seen by the jury, and reference to it during the trial presents no error. The still was sufficiently identified and shown to be that of appellant.

**7.—Same—Accomplices—Charge On—Properly Refused.**

Where officers instructed appellant after his arrest to turn the fire up and the top down at the still, which he did resulting in whisky running out of the coil such act did not constitute the officers accomplices to the former manufacture of whisky by appellant, and the court properly refused to submit this issue in his charge.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*Howth, Adams & Hart* and *John T. Kitching,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of manufacturing intoxicating liquor. and his punishment fixed at three years in the penitentiary.

Officers went to appellant's house, and in an outhouse a short distance from the dwelling, found a connected still with mash, coil, a fire burning under the still and a large number of demijohns, empty bottles, whisky labels of various kinds, stamps, etc. The bottom of the still was coated with soot. In a demijohn in the residence was found some whisky. Soon after the officers got there and under their direction appellant turned up the fire and screwed the top of the still down a little and shortly whisky began to run out of the coil and continued until they had caught a quart or more. No one lived in the house but appellant. Statements made by him in effect that this was his apparatus, were in evidence. A witness swore that shortly before this he was sent to appellant by other parties, for whisky,—gave appellant $1.50 and was told by him to look under a bucket, which he did and found a half pint bottle of

liquor and took it to the parties who sent him. Another witness testified to being in the house of appellant shortly before this and hearing the noise of the gasoline burner in appellant's barn, and inquired of appellant what was making the noise and was told by him that it was the refinery; witness said the noise he heard was that found by him later to have been made by fire of the gasoline stove on which the still was when the officers found it. Appellant's statement to the effect that he did not see why he should be arrested when he was making good clean whisky, was also in evidence.

We briefly notice the bills of exception in their order. The argument of State's attorney that appellant was imposing upon the public by selling misbranded bootleg whisky, was not an unfair inference from the things that were found in his house by the officers.

That there was more than one district court in the county of the prosecution, and that the indictment did not recite into which district court same was returned, was no sufficient ground for a motion to quash. The use of the words "except in criminal cases" in the act creating the Sixtieth District Court of Jefferson county (Acts 1903, p. 9) goes no further than to leave the designation of indictments returned into said Sixtieth District Court and the Fifty-eighth District Court of said county, subject to the general rules governing similar proceedings in other district courts of this State, and, therefore, amenable to the rule laid down by this court in Sargent v. State, 35 Texas Crim. Rep. 325.

Nor do we think it error to overrule appellant's motion to quash the jury panel based on lengthy objections to the manner in which the jury wheel was filled in February 1924. Substantially the same matter has been recently discussed by us in several opinions holding adversely to the contentions now made.

The officers saw no whisky actually coming from the coil when they got to appellant's premises but under their directions to him, as above stated, he turned up the fire and screwed down the top and shortly afterward whisky begun to run out of the coil. In this condition of the record the learned trial judge told the jury that if appellant manufactured whisky at the compulsion or instance of the officers, he would not be guilty, and that before they could convict him in this case they must believe beyond a reasonable doubt that either on August 12th or about that time appellant voluntarily and of his own accord unlawfully manufacturing whisky. Appellant's bill of exceptions No. 5 complained of this as being on the weight of the evidence, seems without merit.

In this connection we do not think it incumbent on the court below to give the special charges referred to in bills of exception Nos. 6,

7 and 8 in view of the charge just referred to, which seems to obviate the necessity for said special charges.

Testimony of witness Burnett that he was sent to appellant's house to buy liquor, and when he made his errand known to appellant was shown a bucket under which he found a half pint bottle of liquor for which he gave appellant $1.50, and which he took to the men who sent him, seems not open to appellant's objection. Proof of sales by the accused reasonably near the time of the prosecution for manufacturing liquor individuates him as the proprietor and manufacturer and furnish substantial aid in making out the case when he is not found engaged in the actual manufacture.

We think the court's charge sufficiently guarded appellant from any danger of conviction for the making of whisky at the instance or under the direction of the officers after they found the equipment at his house, and we see nothing in appellant's exception to the charge of the court as given, the ground of the exception apparently being that the State should have been required to elect between the transaction that took place while the officers were there and some other time.

The bringing of the still found in appellant's barn, into the court room where it could be seen by the jury, and reference to it during the trial, presents no error. The still was sufficiently identified and shown to be that of appellant. There is nothing in bill of exception No. 14 calling for any discussion.

Bills of exception Nos. 15, 16, 17 and 19 relate to statements and conversations of appellant concerning the still, its ownership, the manufacture of the liquor, etc. We deem these matters within the rule of *res gestae*. As above stated, the still was connected, the mash was in it, the fire was burning, and what appellant said as to the kind of whiskey he was making, etc., was part of the transaction What he said after making bond relative to the coil in question, was subject to no objection known to us.

The refusal of the court to instruct that the officers were accomplices because they directed appellant to turn the fire up and the top down, and when done whiskey ran out of the coil, was proper. Said officers were evidently desirous of seeing the effect of these two simple operations either or both of which could be done in a moment and could have been caused by reverse acts of appellant when the officers came in sight of the premises. They were well within their duty in discovering evidence. They did not seek to convict appellant for the whiskey made after the officers arrived but the contrary appears. They were not accomplices.

Finding no error in the record, the judgment will be affirmed.

. <em>Affirmed.</em>

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant makes. complaint of some slight misstatement in our original opinion which is not material to the issue and will not be discussed. We have again examined the record in view of appellant's claim that the State should have been required to elect to prosecute either for the manufacture of whiskey claimed to have been found in appellant's house by the officers, or that which was manufactured by him after they arrived. In view of the fact that the court so instructed the jury that they could not convict appellant, under the facts of this case, for the liquor that was manufactured by him under the direction of the officers after they reached his house, we think it wholly immaterial that the State did not comply with appellant's request in this regard. The confession of appellant which was admitted in evidence, was material as tending to show him guilty of the manufacture of intoxicating liquor. Whether this related to the liquor found in appelllant's house, was for the jury. The charge of the court was ample and full in instructing the jury that they could not convict for the liquor that was made under the direction of the officers. It also instructed the jury specifically that though appellant might intend to manufacture liquor and prepare to do so, but if he had been interrupted before any liquor was manufactured, he could not be held guilty of such manufacture. We do not think the charge subject to any of the criticisms made in appellant's motion. The motion is principally an argument on matters already carefully examined and decided by us and we do not deem it necessary to restate or discuss matters which have been fully considered by us.

The motion for rehearing will be overruled.

*Overruled.*