## A. C. THOMAS V. STATE.

No. 31,125. December 16, 1959.

*Roger Lewis,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank W. Watts, Thomas B. Thorpe, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin for the state.

DICE, Judge.

The offense is burglary; the punishment, 5 years.

The state's testimony shows that on the night in question the prosecuting witness, Rita Farrar, closed the cafe which she owned and operated in the city of Dallas around 10:30 P.M. and locked all doors including the outside doors to the two rest rooms in the back of the building. Later in the night Officers T. J. Taylor and A. L. Edwards of the Dallas Police Department arrested two men by the names of Turner and Cruise as they came out of the rear door of the building upon which the lock had been broken. Some thirty minutes later the officers observed two other men come to the rear of the building and enter the men's rest room after prying the lock off the door. After a noise in the rest room like the "Squeaking of boards" was heard the two men came out and were arrested by the officers. Appellant was identified by both of the officers as one of the men who entered the rest room and the other man was identified as Marvin Barrow. Following the arrest of the appellant and his companion the officers found a pair of gloves and a lug wrench in the rest room and it was discovered that the commode had been broken and that a trap door in the ceiling above the commode leading into the attic of the building was in an open position. It was shown that the prosecuting witness had not given the appellant or anyone permission to enter the building. Appellant's written confession was introduced in evidence in which he admitted going to the premises on the night in question with Marvin Barrow and Jerry Kerbow to burglarize the building and entering the rest room after Kerbow had pried the lock off the door.

Testifying as a witness in his own behalf appellant admitted entering the rest room with his companions on the night in question but denied breaking into the rest room or having any intent to steal and stated that they only entered for the purpose

of using the rest room, Appellant stated that the reason he signed the written statement was to get handcuffs off his hands which were giving him pain and testified in support of his application for a suspended sentence that he had never been convicted of a felony.

Appellant also called as a witness Walter Ray Cruise who testified that on the night in question he was arrested by the officers with Alfred Lee Turner as they were coming out of the back door of the building and that he had been tried and convicted for the burglary and that it was he and Turner who broke the lock on the rest room door.

Appellant insists that the evidence is insufficient to support the conviction because it was shown that there was nothing in the rest room entered by the appellant and his companions to steal and because they had nothing of an incriminating nature on their persons when arrested. The intent with which appellant and his companions entered the building was for the jury under the circumstances and it was not necessary to show that there was something in the rest room which they could have stolen or that in fact they did steal something to sustain the conviction against appellant. Duran v. State, 160 Texas Cr. Rep. 167, 268 S.W. 2d 167. The confession of appellant, in which he admitted going to the premises on the night in question to burglarize the building, and the other facts and circumstances were sufficient evidence to sustain the jury's finding that the entry was made with intent to steal. Under the facts the jury might logically have concluded that appellant and his companion intended to effect entry into the building proper through the trap door and the attic. Appellant next contends that the evidence is insufficient because it was shown that no charges had been filed against the third companion, Kerbow, who he testified was with him on the night in question. The failure to file charges against a third party would not render the evidence against appellant insufficient nor would the fact that the witness Cruise testified that it was he and his companion Turner who pried the lock off the rest room door render the evidence insufficient. The credibility of the witnesses and the weight to be given their testimony was for the jury and we find the evidence sufficient to support its verdict.

Appellant next insists that the court erred in overruling his motion to quash the indictment on the ground that it did not sufficiently describe the house and premises which were charged to have been burglarized. The indictment charged in the lan-

guage of the statute the burglary of "a house" occupied and controlled by the prosecuting witness. This was a sufficient description of the building charged to have been burglarized. 4 Branch's Ann. P.C. 2d Ed. par. 2517, page 837.

In his brief appellant complains of state's counsel's reference during the trial to "these other burglars" on the ground that it was an unwarranted reference to the appellant as a burglar. An examination of the record does not reflect that appellant made any objection to such references by state's counsel and appellant is therefore in no position to complain.

We have examined the informal bills of exception appearing in the statement of facts and no reversible error is shown.

The judgment is affirmed.

Opinion approved by the Court.