GLADYS GUNISHAW V. STATE

No. 34,375.    March 14, 1962.
Motion for Rehearing Overruled May 28, 1962

*T. D. Wells,* Paris, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder without malice; the punishment, one year.

The injured party and her brother lived across the street from the appellant. Immediately before the shooting, they had returned from a grocery store in a car with appellant's stepson. After the car stopped near appellant's home, without saying anything the appellant shot the injured party from a distance of

about three feet with a .22 rifle while she was still in the car. The injured party was shot five times in the left side of the body. She was hospitalized for 12 days, and still limped as a result of these injuries.

The appellant told the officers to whom she surrendered that she had shot a girl. In answer to why she did it, she told the officer that she had told the girl the last time to stay out of her yard. They returned to the scene, and she showed the officers the .22 rifle she had used.

Testifying in her own behalf, the appellant stated that she had talked to the injured party about going with her husband; that she had seen him in a car in front of the injured party's house; that she had asked her to stay out of her yard, and when she came into her yard on the night in question she got her gun and shot twice to warn her to stay out of her yard; and that she never intended to kill her.

The jury resolved the issues of fact against the appellant, and the evidence is sufficient to sustain the conviction.

Appellant insists that if she shot the injured party without a specific intent to kill, she was entitled to an acquittal of assault to murder, and that the trial court erred in failing to so charge the jury.

There are no objections to the court's charge, and no requested charges are shown in the record. However, the court in the charge required the jury, in order to convict, to find the existence of an intent to kill on the part of the appellant. This was sufficient, and no error is shown. Woods v. State, 213 S.W. 2d 685.

Appellant complains of certain remarks of the attorney representing the state in his closing argument to the jury.

The bills of exception show that the appellant did not object to such remarks when made. No request was made for the jury to be instructed not to consider them, and no motion was made for a mistrial. According to the record, the trial court was not made aware of any objection to the argument until the appellant complained thereof in his first amended motion for a new trial.

The complained of remarks violated no mandatory statute, and they were not so obviously harmful that an instruction to disregard would not have removed any error therein. 5 Texas Jur.

2d 75, Sec. 44; Thomas v. State, 168 Texas Cr. Rep. 544, 330 S.W. 2d 201; Leath v. State, 346 S.W. 2d 346.

The judgment is affirmed.

Opinion approved by the Court.