Weldon Preston GREESON, Appellant,

v.

The STATE of Texas, Appellee.

No. 39882.

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

**516**

———◆———

Robert E. White, John Y. Cassell, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, James H. Miller and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Judge.

The offense is burglary; the punishment, ten (10) years confinement in the Texas Department of Corrections.

Notice of appeal was given December 17, 1965.

The record reflects that at about 10:30 p. m. on the night of March 30, 1965, as officers Metcalf and McConnell of the Dallas Police Department were driving on South Beckley Street, they noticed two men standing outside the front of a warehouse. One of the men had his hands on a dolly which was supporting an air-conditioning unit. This man was wearing a dark green fatigue jacket and fatigue cap. As the police car passed the warehouse the officers noticed that the men were watching them. As the officers turned their car around to have another look, the two men "broke and ran." Officer Metcalf leaped from the moving car and began pursuing the man who was wearing the dark green fatigues.

After much running and dodging through streets and alleys the pursued man ran in back of a Seven-Eleven store. At this point he saw Officer McConnell in front of the store talking to another man. He stopped running, turned to Officer Metcalf who was right behind him, and said, "Okay, you've caught me." This man in the green fatigues was the appellant, Weldon Greeson. Mr. Walker, the owner of the warehouse on 2105 South Beckley Street, testified that around 6:00 p. m. on the evening in question he had locked his warehouse after a final check of all the items contained in it. After the appellant had been apprehended Mr. Walker went to the warehouse and identified the air-conditioner as one belonging to him. He also stated that the unit had been inside the warehouse when he locked the door. It was established that the warehouse had been entered after a bar attached to the lock had been removed from the door.

There was no testimony on behalf of appellant.

 Appellant complains that neither the charge, indictment, nor the evidence specifies the building allegedly burglarized with a particularity sufficient to meet the requirements of "proof of guilt beyond a reasonable doubt." It is well established that it is not necessary to allege any further description of the building, structure, or house alleged to have been burglarized other than to allege in the language of the statute that it was a "house." The indictment in the present case which charges in the language of the statute the burglary of a "house" occupied and controlled by the injured party is a sufficient description of the burglarized building. Thomas v. State, 168 Tex.Cr.R. 544, 330 S.W.2d 201.

 Appellant also contends that the trial court erred in failing to charge the jury relative to circumstantial evidence. The record reflects that there was no objection to the court's charge or any mention of circumstantial evidence until appellant's amended motion for new trial. The defend-

ant is required to present his objections to the charge in writing before it is read to the jury. Howell v. State, 171 Tex.Cr.R. 545, 352 S.W.2d 110.

We have carefully considered appellant's remaining contentions and find no error reflected by any of them.

The judgment is affirmed.