**Billy ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45307.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Rehearing Denied Jan. 17, 1973.

Dean Dunlap, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Kerry Knorpp, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of lysergic acid diethylamide, a dangerous drug; the punishment, five years imprisonment.

The sufficiency of the evidence is not questioned and unnecessary facts will be omitted.

The appellant, through several grounds of error, urges that the trial court erroneously amended the indictment out of his presence and without a hearing.

The indictment was amended by striking and deleting therefrom the words which appear in brackets: "The GRAND JURORS for the County of Potter, State aforesaid, duly organized, impaneled and sworn as such at the May Term, A.D., 1970, of the District Court [of the 181st Judicial District] in and for said County, upon their oaths in said Court present that Billy Roberts . . ."

Article 28.11, Vernon's Ann.C.C.P., provides that amendments of an indictment shall be made with leave of court and under its discretion. The amendment of the indictment in this case was made with leave of court and under its direction, upon the written motion of the State on September 9, 1970. The case did not go to trial until May 24, 1971.

Article 28.10, V.A.C.C.P., provides that any matter of form in an indictment may be amended at any time before the announcement of ready for trial is made.

■■■ Complaint concerning the amendment of an indictment as to a matter of form is not timely if made after trial. Osborne v. State, 23 Tex.App. 431, 5 S.W. 251 (1887); Murphey v. State, 29 Tex.App. 507, 16 S.W. 417 (1891); Lindley v. State, 99 Tex.Cr.R. 85, 268 S.W. 167 (1924); Duran v. State, 160 Tex.Cr.R. 167, 268 S.W.2d 167 (1954).

■■■ After the amendment of the indictment in this case it shows that it was presented in a district court of the county where the grand jury was sitting.[1]

When there is more than one district court in the county, the indictment need not

---

1. An allegation of the presentment of the indictment in the proper court is treated as a matter of form. See Article 27.09, V.A.C.C.P. and Bosshard v. State, 25 Tex. Supp. 207. It has been held even the failure to make such allegation may not be attacked after verdict. Duran v. State, 160 Tex.Cr.R. 167, 268 S.W.2d 167 (1954).

specify the particular court in which it was presented. Sargent v. State, 35 Tex. Cr.R. 325, 33 S.W. 364 (1895) and Schmidt v. State, 100 Tex.Cr.R. 451, 273 S.W. 578 (1925).

The appellant directs our attention to Article 28.01, V.A.C.C.P., which provides that an exception to the form or substance of the indictment is a pretrial matter which is to be heard in the presence of the defendant after five days notice.

The appellant did not take exception to the amended indictment until after trial. He did not make a timely exception and avail himself of the provisions of Article 28.01, V.A.C.C.P.

 The appellant's grounds of error number seven and eight are: "The trial court erred in permitting the police department narcotic squad to testify to the Defendant's reputation after testifying their opinion was based on talking to the Defendant" and "The trial court erred in permitting the police department narcotic squad to testify to the Defendant's reputation after testify: ig their opinion was based on talking to people they worked with in narcotic traffic and other police in investigation of narcotic investigation."

These grounds of error are not entirely clear. However, considering the appellant's argument under these grounds of error, he appears to be contending that officers Keith and Griffin were not qualified to express an opinion as to the general reputation of the appellant as a law-abiding citizen.

When Keith testified, the appellant made no objections other than at one point an objection was made "to this line of questioning from this witness at this time." This "objection" at time of trial does not raise the alleged grounds of error made in the appellant's brief on appeal.

When Griffin testified, no objection was made during his testimony on direct examination. The officer was cross-ex-amined and stated that he had discussed appellant's reputation with Pat Bell, Kathy Bell and Dennis Smith, who he said "were involved in illegal narcotic traffic." He was then asked if he had talked to any preachers or school officials about the appellant and said he had not. When asked if he had talked about appellant to "anybody down on Polk Street," he said that he may have when he "was under cover." Without further cross-examination, the appellant's counsel then stated, "Your Honor, we submit this man's testimony is disqualified, it's not a general reputation." This "objection" was overruled.

We do not find that the appellant sufficiently demonstrated that the officer was disqualified to testify regarding the appellant's reputation. See and compare Crawford v. State, 480 S.W.2d 724 (Tex.Cr.App.1972) and Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971). There was no request to strike this officer's testimony. We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.