David Crockett SPRIGGS, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2-81-221-CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 13, 1982.

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

## OPINION
Before HUGHES, SPURLOCK and HOLMAN, JJ.

HOLMAN, Justice.

This appeal is from conviction for aggravated robbery with a deadly weapon. V.T. C.A. Penal Code § 29.03. The jury imposed punishment of forty years imprisonment.

We affirm.

Appellant's grounds of error are that the trial court erred by (1) refusing to allow appellant to cross-examine a State's witness concerning his prior felony conviction for burglary; (2) refusing to allow appellant to cross-examine the State's witness to show possible bias or motive based upon the witness' prior felony conviction; (3) refusing to quash the indictment which shows that it was returned to "Criminal District Court No. 213," although such a court does not exist in Tarrant County; (4) denying appellant's right to confront witnesses and permitting the State to improperly bolster the documentary evidence of appellant's prior

conviction; (5) not including in the record the testimony taken in the hearing of a motion for discovery; and (6) not including in the record the description of the appellant given by eye witnesses and contained in the police offense reports.

On February 2, 1980, three men, armed with a pistol and two shotguns, entered the Flanka Club on East Tucker Street in Fort Worth, where a dice game was in progress, although the club was closed for remodeling. At trial, witnesses who had been present during the dice game identified appellant as one of the armed men.

One of the State's witnesses, William Powell, had entered the building about 10:00 p.m. and observed that the back door was open. As he started to leave, two men carrying shotguns entered through the back door and said, "Everybody hands up and get against the wall." The bandits began shooting seconds after entering the club room. One man was killed by a shotgun blast, another was shot by the man armed with the pistol.

In grounds of error one and two, appellant complains that the trial court denied him the right to cross-examine Mr. Powell about a past conviction for burglary. Appellant contends that conviction might create bias in Mr. Powell's testimony because of the fact that Mr. Powell was also under indictment on more recent charges at the time he testified in this case.

The State's motion in limine was granted, ordering appellant not to refer to the fact that Mr. Powell had been convicted of burglary more than ten years earlier, due to the remoteness of the prior conviction.

■ The question of remoteness of prior convictions is addressed largely to the discretion of the trial judge. *Davis v. State,* 545 S.W.2d 147 (Tex.Cr.App.1976); *Bustillos v. State,* 464 S.W.2d 118 (Tex.Cr.App.1971). The critical period, with regard to remoteness, is the time between the date the witness is released from confinement and the date of his subsequent trial testimony. *Taylor v. State,* 612 S.W.2d 566 (Tex.Cr.App.1981).

Mr. Powell was convicted in 1964, for burglary and received a two year sentence. In October, 1965 he was paroled and released from prison. Thus more than fifteen years had elapsed from the date of his release to the date of his testimony in the instant case.

■ Appellant correctly argues that the time lapse is not controlling in itself, but is merely one factor to be considered in determining remoteness. *Davis, supra; Dillard v. State,* 153 Tex.Cr.R. 134, 218 S.W.2d 476 (Tex.Cr.App.1949).

■ Although more than ten years has elapsed, a prior conviction will not be held remote if the witness' lack of reformation is shown by evidence of an intervening conviction for a felony or a misdemeanor involving moral turpitude. *Crisp v. State,* 470 S.W.2d 58 (Tex.Cr.App.1971); *King v. State,* 425 S.W.2d 356 (Tex.Cr.App.1968); *Courtney v. State,* 424 S.W.2d 440 (Tex.Cr.App.1968).

■ In the case at bar there is no showing of an intervening conviction. The trial court heard the testimony offered and considered Mr. Powell's youth at the time of his prior conviction, and the remoteness of the offense, and concluded that his subsequent rehabilitation had not been shown lacking.

Appellant also complains that he was not allowed to cross-examine Mr. Powell as to his possible bias in favor of the State as a means of gaining more favorable disposition of the charges pending against him.

■ Appellant was permitted to cross-examine Mr. Powell at length. However, he was not permitted to attempt to use the pending indictment of Mr. Powell as a basis for impeachment. The Powell indictment was returned by the Grand Jury after appellant was charged in the instant case. The trial court ruled correctly in prohibiting the introduction of a pending indictment for impeachment purposes. V.A.C.C.P. art. 38.29.

Absent a showing that Mr. Powell and the appellant had any contact either prior

or subsequent to the robbery for which appellant was on trial, there was no basis on which to permit the introduction of the subsequent charge against Mr. Powell in an attempt to impeach his testimony as biased or prejudiced. *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975).

Appellant's first and second grounds of error are overruled.

■ The third ground of error contends that the indictment is fundamentally defective because it shows that it was returned to *Criminal* District Court No. 213. No such court exists in Tarrant County.

Appellant argues that the Tex.Rev.Civ. Stat.Ann. art. 199a, § 3.041, creates the 213th Judicial District of Tarrant County. No "Criminal District Court" was established by that statute. Appellant argues that, as a consequence, the indictment is fundamentally void, and the trial court lacked jurisdiction to act on it.

Appellant was indicted and convicted of a felony. The Clerk of the court filed the indictment in "District Court No. 213". The Judge's order to transfer to Criminal District Court No. 4 was signed "Judge presiding 213 Judicial District".

There are five District Courts in Tarrant County with felony jurisdiction that regularly receive felony indictments from the Tarrant County Grand Jury. Four of those District Courts are labeled "Criminal District Courts" and one is labeled the "213 Judicial District Court". The criminal jurisdiction and the *form of indictment and presentment* is the same in each court.

We conclude that the defect in the case at bar is a matter of form and not of substance. The requisites of an indictment required by V.A.C.C.P. art. 21.01 were satisfied in this case.

■ Allegations as to the court and term are matters of form. *Osborne v. State,* 5 Tex. 251 (1887). Exceptions to the *form* of an indictment must comply with V.A.C.C.P. art. 27.09. Objection may not be made for the first time on appeal. *Duran v. State,* 160 Tex.Cr.R. 167, 268 S.W.2d 167 (1954).

Appellant's third ground of error is overruled.

The fourth ground of error contends that the trial court erred in denying appellant's right to confront witnesses and permitting the State to improperly bolster the documentary evidence of his prior conviction.

The record contains no evidence of a violation of appellant's right to confront witnesses guaranteed by the Sixth Amendment to the United States Constitution and by Article One, Section Ten of the Texas Constitution. Appellant does not specify the witnesses to whom he refers. Only one assistant district attorney testified as to the contents of the penitentiary packet. Appellant's counsel conducted a cross-examination of that witness.

■ The Court of Criminal Appeals has stated that bolstering occurs "when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party." *Pless v. State,* 576 S.W.2d 83 (Tex.Cr.App.1978). The testimony complained of by appellant does not fall within this rule. The State had not previously offered any of the evidence that was the subject of the assistant district attorney's testimony. His "identification" of each document which was to be offered by the State was proper to show the identity and order of appearance, so they would be understood by the jury.

Appellant relies upon *Bright v. State,* 585 S.W.2d 739 (Tex.Cr.App.1979), where the State sought to prove a prior conviction by a former probation officer's testimony that the appellant had been previously indicted and convicted and had served two years on probation. We distinguish *Bright* from the case at bar, because *Bright* did not involve proof of prior conviction by means of a "pen packet".

Appellant's fourth ground of error is overruled.

Grounds of error five and six contend that the court erred by not including in the

record the testimony taken at the hearing of a motion for discovery; and in not including in the record the eyewitness descriptions of appellant contained in the police offense reports.

There is no evidence of any hearing on the motion having been held on May 9, 1980 or of any transcribed hearing prior to the entry of the court's written order, granting in part, and denying in part, on May 20, 1980. The record is silent on both alleged grounds. Nothing is presented for review. *King v. State,* 569 S.W.2d 907 (Tex.Cr.App. 1978).

The judgment is affirmed.