**David Crockett SPRIGGS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 974–82.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1983.

Art Brender (court appointed), J. Steve King (court appointed), Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Gregg Pipes, Paul Conner & James J. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Attys., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. The jury assessed punishment at 40 years and the Fort Worth Court of Appeals, Second Supreme Judicial District, 640 S.W.2d 781, affirmed the conviction. We granted appellant's petition for discretionary review in order to determine if the Court of Appeals' opinion was in conflict with the United States Supreme Court's decision in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and our opinions, i.e., *Evans v. State*, 519 S.W.2d 868 (Tex.Cr.App.1975), holding that great latitude should be allowed the accused in showing any facts which would tend to establish interest, bias and motive on the part of any witness.

On February 2, 1980, three men entered the Flanka Club in Fort Worth where a dice game was in progress. One of the men had only a pistol, wore no mask, and told everyone to "get your hands up and get against the wall." William Powell, a contractor who was in charge of remodeling the club and who happened to be in the building at the time, testified appellant and another man had shotguns and ski masks "over across the top of their forehead;" only after they entered the building did they pull down their masks. Lynn ("Red") Jitter, one of the dice players and the State's rebuttal witness, likewise identified appellant as one of the men carrying shotguns who came into the club with his mask up. Jitter related that after the gunmen "leveled the shotguns down," they pulled down their masks.

Seconds after entering the club the three men began shooting; one dice player was killed and another was wounded. Powell testified that appellant, who was not wearing his mask at the time, kicked him in the back and knocked him down. After scuffling with some of the dice players and taking their money, appellant and the two other men fled the scene.

Appellant contends "the trial court erred in refusing to allow the appellant to cross-examine the State's witness [Powell] to show possible bias or motive based upon [Powell's] prior felony conviction and its possible use to indict [Powell] for repetition." Powell was convicted for burglary in 1964 and released from confinement in 1965.

The trial court granted the State's motion in limine barring the use of Powell's prior conviction for impeachment purposes. However the court did allow defense counsel to cross-examine Powell [1] concerning a pending indictment for keeping a gambling place:

"Q. [defense] ... isn't it true that on September 30th, 1980, here in this very Court, you were indicted for knowingly permitting other to use a gambling place, a business establishment under your control, that's open to the public; running a gambling joint, in other words? Isn't that true?

"A. That's what I'm charged with, I don't know. That's what I'm charged with, I don't know.

"Q. Well, you're indicted and it's a felony offense; is that correct?

"A. I'm charged with it, but I don't know what they're going to do. . . .

" . . .

"Q. And isn't it true that Mr. Pipes who is prosecuting this case is the prosecutor in your gambling case; isn't that true?

"A. Yes, sir.

"Q. And isn't it true that in talking with your lawyer, he's advised you better cooperate with the authorities?

"A. Not exactly, no, sir, I wouldn't say that.

"Q. There's a lot at stake for you in this case, isn't there?

"A. No, sir.

" . . .

"Q. You'll go to the penitentiary if you're convicted of this offense, wouldn't you?

"A. I don't know. I don't know what the law carries about that. I haven't been told that."

After appellant's request to reopen direct evidence was granted, the following occurred:

"MR. BENDER [defense]: We do have one further matter that we'd like to bring up outside the presence of the Jury. And that is: We made a bill previously. on whether we could cross-examine Mr. Powell on his burglary conviction. We'd like to renew our request to do so on the grounds that they could have filed, and in Tarrant County they do it as a matter of course, generally file a repetition count in the indictment . . .

" . . .

"MR. BENDER: ... And if we can also agree that there is no repetition count on this and no subsequent indictment where repetition count has been made.

" . . .

"THE COURT: Whether they indict him as a repetition offender has nothing to do with this case or his testimony.

"MR. BENDER: Well, the point is that because they could have, we can ask him about it because it could be included in this indictment, just like we can ask him about this indictment to determine his motive animus—

"THE COURT: I wouldn't let you ask him about repetition, anyway, even if it were in there.

"MR. BENDER: Well, the fact that they didn't put it in the indictment means that there's something else they're holding over his head. That's what we're saying."

Great latitude should be allowed the accused in showing any fact that would

---

1. Our review of the record as reflected by the above quoted testimony of the witness Powell on cross-examination reflects that the Court of Appeals' opinion was incorrect in stating ". . . he [appellant] was not permitted to attempt to use the pending indictment of Mr. Powell as a basis for impeachment."

408

tend to establish ill feeling, bias, motive and animus upon the part of any witness testifying against him. *Hodge v. State*, 631 S.W.2d 754 (Tex.Cr.App.1982); *Randle v. State*, 565 S.W.2d 927 (Tex.Cr.App.1978); *Simmons v. State*, 548 S.W.2d 386 (Tex.Cr. App.1977); *Evans v. State*, 519 S.W.2d 868 (Tex.Cr.App.1975). Trial courts, however, have considerable discretion as to how and when bias may be proved and as to what collateral evidence is material for that purpose. *Hodge v. State*, supra.

In the instant case the defense was able to bring before the jury the fact of Powell's current indictment, thus establishing "a basis for an inference of undue pressure" on Powell and showing facts that would tend to establish ill feeling, bias, motive and animus upon Powell's part in testifying against appellant. That the State might possibly in the future add an enhancement paragraph to the indictment currently pending against Powell did not, however, establish a bias or motive.

Unlike *Simmons v. State*, supra; *Randle v. State*, supra; and *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the State in the instant case had taken no action against Powell regarding an enhancement paragraph that could have established a basis for an inference of bias. This Court in *Simmons* reversed a conviction where the trial court refused to permit the defendant to show that charges against the complaining witness had been dismissed prior to the witness testifying. The conviction in *Randle* was reversed because the defendant was not allowed to demonstrate that a State's witness was under indictment for a different offense. And in *Davis v. Alaska*, supra, the refusal to allow the defendant to show that the State's main witness was at that time on juvenile probation for burglary was held to require reversal.

In the instant case appellant was allowed to show that an indictment was pending against the witness Powell. Under *Davis v. Alaska*, supra and the cases of this Court which have been heretofore cited the trial court was correct in allowing this evidence to be introduced. The jury could have drawn the inference that Powell's vulnerable status as a person under indictment

furnished a motive for his testifying. On the other hand it would be a highly speculative inference that Powell's motive to testify stemmed from the possibility that he might have been indicted or would in the future be indicted as a repeat offender because of the 1964 conviction. To allow the conviction to be shown on this basis would be an unwarranted extension of *Davis v. Alaska*, supra and its progeny. No error is shown.

The judgment of the Court of Appeals is affirmed.