**Edwin Roy DRINKERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–529–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 24, 1987.

Rehearing Denied Oct. 22, 1987.

Discretionary Review Refused Feb. 24, 1988.

Walter Boyd, Houston, for appellant.

Thomas L. Bridges, Sinton, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury convicted appellant for aggravated assault and assessed punishment at three years in the Texas Department of Corrections. Appellant alleges fundamental error in the court's refusal to permit appellant to impeach one of the State's witnesses for bias. We affirm the judgment of the trial court.

By two points of error, appellant contends the trial court erred in disallowing impeachment of a key State witness, Charlene Elmore, to reveal possible favoritism toward the State due to an interest in having her son removed from juvenile probation. Appellant urges that the court's prohibition of such questioning in the jury's presence violated his fundamental right to confront a State witness.

At trial, complainant Piper testified that appellant assaulted him with a rifle. Appellant testified that he acted in self-defense. In rebuttal by the State, Elmore testified that a week after the assault appellant told her about the incident. The story told to her at that time was inconsistent with appellant's claim of self-defense. Although Elmore was not an eyewitness to the assault, her testimony significantly undermined appellant's version of the events.

An *in camera* hearing was held following the State's rebuttal during which Elmore stated that she went to the District Attorney's office on September 2 or 4, 1986, in order to report the story told to her by appellant. Officer Clark of the Aransas County Juvenile Court then told the court that Elmore's son, James, had been placed on voluntary juvenile probation on May 22, 1986. Appellant sought to call Elmore to the stand in the jury's presence to show that, as a result of her son's probation, she was biased toward the State and expected favoritism from the State in return for her statement to the District Attorney and subsequent testimony against appellant. The trial court disallowed appellant's cross-examination of Elmore on this matter.

■ In exercising the constitutional right of confrontation, a defendant is allowed great latitude to show any fact which would establish ill feeling, bias or motive on the part of the witness testifying against him. *Hurd v. State*, 725 S.W.2d 249 (Tex.Crim.App.1987). However, trial

courts retain some discretion in deciding how and when bias may be proved. *Spriggs v. State*, 652 S.W.2d 405 (Tex. Crim.App.1983); *Green v. State*, 676 S.W. 2d 359 (Tex.Crim.App.1984). For example, the court may impose reasonable restrictions on examination of witnesses based on concerns such as prejudice, harassment, confusion of issues, or interrogation that is collateral or marginally relevant. *Hurd* at 252.

■ We find the trial court did not err in refusing to permit appellant to impeach Elmore during rebuttal. There is some conflict as to whether the term of probation expired on August 22 or September 6, 1986. The voluntary probation agreement states that the probation term expired on August 22, 1986. Elmore signed the agreement. At the *in camera* hearing, Officer Clark stated that despite the terms of the agreement he had considered the probation period to be extended to September 6, 1986, which was James' seventeenth birthday. However, there is no evidence to suggest that Elmore, at the time of her report to the District Attorney, knew or had reason to know that Clark had extended the expiration date of her son's probation past August 22.

It is true that, during the hearing, counsel for appellant asked the question "when did he get off [probation]?" to which Elmore responded "September 6." But her response merely indicates that she knew at the time of the *in camera* proceeding that her son was removed from probation on that date. It does not suggest she had such knowledge when she went to the District Attorney's office.

The record does not indicate that Elmore, either at the time she first spoke to the District Attorney about appellant's statement on September 2 or 4, or at the time of her testimony at trial, thought her son was on probation. Absent evidence that James was on probation at the time of trial on November 9, 1986, or that Elmore thought he was on probation at the time she testified, or other evidence of bias, it was proper for the trial court to disallow the cross-examination. Appellant's two points of error are overruled.

The judgment of the trial court is AFFIRMED.