IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-509-CR





ROY WAYNE SEAGROVES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY,



NO. 349-578, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING



 




 After a jury found appellant guilty of the offense of theft of property of the value
of twenty dollars or more but less than two hundred dollars, Tex. Penal Code Ann. § 31.03
(e)(2)(A) (1989), the court assessed punishment at sixty days' confinement in jail and a fine of one
thousand dollars. Both jail time and fine were probated.

 Appellant urges seven points of error. Appellant asserts the court erred by:
(1) denying him the opportunity to pursue the issue of bias of the two prosecution witnesses;
(2) failing to permit appellant to offer expert testimony regarding the futility of pursuing a civil
claim against the State's witnesses and their employer until the resolution of the instant cause;
(3) failing to grant appellant's requested charge on his obligation to submit to the authority,
questions and detention of the store personnel; (4) refusing to permit appellant to depose the
complainant's employer so that appellant could identify and subpoena eyewitnesses to testify in his behalf; (5) preventing appellant from impeaching, by extraneous evidence of a prior
inconsistent statement, the witness Montgomery; (6) permitting the State to introduce transcribed
conversations between defense counsel and witness Montgomery; and (7) restricting the direct
examination of appellant's three character witnesses. We overrule appellant's points of error and
affirm the judgment of the trial court.

 Leigh Lewis, grocery manager at an H.E.B. store in Austin, testified that on
October 26, 1990, he observed appellant walk out of the doors of the store with a full basket of
merchandise without ever stopping to pay for the merchandise at a register. Appellant first came
to the attention of Lewis when appellant went around a register at the front of the store with a
"basket set up in a way that looked suspicious to me."

 Lewis, an employee of H.E.B. for thirteen years, had seen "over 200" shoplifters. 
Lewis related that appellant's basket "looked suspicious" because there were "high dollar items"
placed around the sides of the basket. These items were too large to fit in a bag. Thus, a person
leaving the store with items too large for bags would not attract the attention of other persons. 
Also, by arranging large items around the sides of the cart, shoplifters may place smaller items
in the center, remove the smaller items, conceal them on their person, leave the basket with the
larger items in the store and exit the store without paying for the smaller items.

 Lewis told Russell Montgomery, a produce manager for the store, that he had a
"possible shoplifter" and asked Montgomery to accompany him and observe the suspect. Lewis
and Montgomery followed appellant outside the store where Lewis asked to see appellant's receipt
for the merchandise. Appellant agreed and the three of them walked back into the store. Before
arriving at a register, appellant shoved Montgomery and ran toward the door. Lewis and
Montgomery chased appellant until they apprehended him outside the store. A struggle ensued
before appellant was subdued and held for the police. Appellant testified that he never left the
store with the basket of merchandise.

 In his first point of error, appellant asserts the court erred in denying him the
opportunity to pursue the issue of bias of the two witnesses for the State, both of whom are
H.E.B. employees. Appellant notes that the only factual dispute at trial was whether appellant
exited the store's doors with a cart of merchandise before he was stopped by Lewis and
Montgomery. Appellant suggests that as a result of the employee's action in stopping appellant,
the employees and their employer face the prospect of a civil lawsuit if the jury believed
appellant's version. Appellant reasons that the employees would have suffered reprisals at the
hands of their employer for having created such potential liability. The refusal of the court to
allow cross-examination about the possibility of such reprisals forms the basis of appellant's
complaint.

 In Hurd v. State, 725. S.W.2d 249, 252 (Tex. Crim. App. 1987), the court stated:



 The practice of exposing a witness' motivation to testify against a defendant
is a "proper and important function of the constitutionally protected right of cross-examination." In exercising that right, a defendant is allowed great latitude to
show any fact which would tend to establish ill feeling, bias, motive and animus
on the part of the witness testifying against him.


 This right to confront witnesses does not prevent a trial court from
imposing some limits on the cross-examination into the bias of a witness. Trial
courts retain some discretion in deciding how and when bias may be proved, and
what collateral evidence is material for that purpose. In exercising this discretion,
the trial courts have the latitude to impose reasonable restrictions on such cross-examination.



(Citations omitted).

 In Carillo v. State, 591 S.W.2d 876, (Tex. Crim. App. 1979), rev'd on other
grounds, 744 S.W.2d 112 (Tex Crim App. 1988), the defendant sought to impeach state witnesses
with evidence of alleged offenses committed by them and known by the State. The court held that
the defendant's cross-examination of the witnesses to show their bias and motive for testifying
against him was properly restricted where no charges had been filed against the witnesses. The
court concluded that the defendant was seeking to impeach the witnesses on the basis of
speculation as to the pressure the witnesses might have felt to testify favorably for the State. 
Similarly, in Spriggs v. State, 652 S.W.2d 405, 408 (Tex. Crim. App. 1983), the court stated that
it would have been highly speculative to infer that a witness was motivated to testify for the State
because of the possibility that he might be indicted as a repeat offender because of a prior
conviction.

 In a bill of exception, appellant presented the testimony of an attorney who said that
a conviction of appellant would effectively preclude any recovery by him in a civil suit. Appellant
suggests that it is therefore necessary for him to wait until the conclusion of this cause before
determining whether to file a civil suit. This factor does not, in our opinion, render any less
speculative appellant's proposed cross-examination of the witnesses about the possible adverse
results they might suffer because of a potential civil suit against their employer. We find no abuse
of discretion in disallowing appellant's proposed cross-examination. Appellant's first point of
error is overruled.

 In his second point of error, appellant asserts the court erred in refusing to admit
evidence of the futility of pursuing a civil suit until the resolution of the instant cause.

 "Relevant evidence" means evidence having any tendency to make the existence of
any fact that is of consequence to the determination of the action more probable or less probable
than it would be without the evidence. Tex. R. Crim. Evid. Ann. 401 (Pamph. 1992). In Mayes
v. State, 816 S.W.2d 79, 84 (Tex. Crim. App. 1991), the court stated, "Rule 401 deems
`relevant' any evidence which influences consequential facts, i.e., facts which have something to
do with the ultimate determination of guilt or innocence in a particular case." We find the matter
of when a civil action should be filed to have no relevance in the determination of guilt or
innocence in the instant cause. Appellant's second point of error is overruled.

 In his third point of error, appellant contends the court erred in failing to grant his
requested charge on the law regarding appellant's obligation to submit to the authority, questions
and detention of the store personnel. Without citation of authority, appellant contends the court
erred in refusing to submit the following instruction in its charge to the jury:



 You are instructed that under our law a person has a right to be free from
unjustified detentions and restrictions of his freedom of movement; he has a right
to avoid encounters with others; and he is under no obligation to speak with anyone
concerning anything.


 Under the facts of this case, if Wayne Seagroves had exited the store, then
a detention of him by store personnel would have been justified.



 Texas Code Crim. Pro. Ann. art. 18.16 (1977) and Tex. Civ. Prac. & Rem. Code
Ann. § 124.001 (1986) address the matter of when a person may detain another to prevent the
consequence of theft. Article 18.16 provides:



 All persons have a right to prevent the consequences of theft by seizing any
personal property which has been stolen and bringing it, with the supposed
offender, if he can be taken, before a magistrate for examination, or delivering the
same to a peace officer for that purpose. To justify such seizure, there must,
however, be reasonable ground to suppose the property to be stolen, and the
seizure must be openly made and the proceedings had without delay.



Section 124.001 states:



 A person who reasonably believes that another has stolen or is attempting
to steal property is privileged to detain that person in a reasonable manner and for
a reasonable time to investigate ownership of the property.



 We find appellant's requested jury instructions to be contrary to the law governing
the detention of persons under the instant circumstances. Appellant's point of error number three
is overruled.

 In his fourth point of error, appellant asserts the court erred "in refusing to permit
[appellant] to depose by written questions the complainant's employer, H.E.B., so that [appellant]
could identify, locate, interview and subpoena eyewitnesses to testify in his behalf."

 In May v. State, 738 S.W.2d 261, 273 (Tex. Crim. App. 1987), cert. denied, 484
U.S. 872 (1987), the court discussed the burden a defendant bears in showing that the trial court
abused its wide discretion in refusing to grant his request to take a deposition under Tex. Code
Crim. Proc. Ann. art. 39.02 (1979). In May, the court stated:



 Article 39.02 provides that a defendant may take a deposition upon a
showing of "good reason" for doing so. The trial judge has wide discretion in
deciding whether to order a deposition. It is incumbent upon a defendant to show
a good reason for the deposition; and, in the event his request is denied, he must
demonstrate harm to establish an abuse of discretion.



738 S.W.2d at 273. (citations omitted).

 After the court's refusal to grant the request for depositions, a motion for
continuance was granted at the instance of appellant for the purpose of identifying and locating
other eyewitnesses. Appellant complains that the two lists of employees furnished him by the
"unit manager" of H.E.B. contain inaccuracies.

 At the hearing on appellant's motion for new trial, defense counsel related that the
foreman of the jury would testify that the jury placed great reliance on the fact that the State
offered the testimony of two eye-witnesses to controvert the testimony of appellant. Appellant
asserts that there are at least two other eye-witnesses, a cashier and a bag boy, that he has been
unable to locate.

 The appellant has advanced nothing more than speculative reasons why he was
harmed by the court's action in denying his motion to take depositions. We find that the trial
court did not abuse the wide discretion accorded it in ruling on motions of this type. Appellant's
fourth point of error is overruled.

 In his fifth point of error, appellant asserts the court erred in not allowing him to
impeach a witness with a prior inconsistent statement. Appellant offered a portion of a
transcription of a telephone conversation he had with Montgomery to impeach Montgomery's
testimony at trial that appellant was outside the store when he first saw him. The State requested
that the entire transcription be admitted under the rule of "optional completeness." See Tex. R.
Crim. Evid. Ann. 107 (Pamph. 1992). The court delayed its ruling until the completion of the
testimony in order to review the transcription. Appellant concedes that the court subsequently
admitted the transcription, but urges that the court's delay in ruling on its admission diminished
the effectiveness of his cross-examination. Appellant has not demonstrated, nor do we perceive,
any harm to appellant resulting from the delay in the court's ruling which rises to the level of
reversible error. Appellant's fifth point of error is overruled.

 In his sixth point of error, appellant asserts the court erred in admitting the entire
transcription of the telephone calls between defense counsel and Montgomery. Appellant contends
the rule of "optional completeness" is not applicable to the instant facts. Rule 107 provides:



 When part of an act, declaration, conversation, writing or recorded
statement is given in evidence by one party, the whole on the same subject may be
inquired into by the other, as when a letter is read, all letters on the same subject
between the same parties may be given. When a detailed act, declaration,
conversation, writing or recorded statement is given in evidence, any other act,
declaration, writing or recorded statement which is necessary to make it fully
understood or to explain the same may also be given in evidence. "Writing or
recorded statement" includes depositions.



(Emphasis added).

 Under cross-examination, Montgomery answered in the affirmative when asked if
appellant was outside the store when he first saw him. Montgomery was then asked about the
truthfulness of the statement he made on the telephone relative to seeing appellant leave the store. 
The witness answered that his statement over the telephone was not true. In reply to counsel's
question as to whether he admitted making the statement, Montgomery stated, "If I did, I did." 
Appellant contends that the witness failed to make an unequivocal admission and is subject to
impeachment. Appellant offered that portion of Montgomery's telephone conversation relating
to appellant's leaving the store.

 The telephone calls, as reflected by the transcription, are brief and concern only
the events surrounding appellant's detention. It appears the second call followed shortly after the
first conversation.

 Without identifying himself as appellant's attorney, counsel called Montgomery and
asked him what happened on the occasion in question. The pertinent portion of Montgomery's
reply was that he and Lewis "were watching [appellant]. And he filled up a basket full of
groceries and he proceeded to go out of the store without paying for them. . . . When we first
approached him he was outside the store."

 We find the transcription admitted into evidence relates to events surrounding the
detention of appellant, constitutes "the whole on the same subject," and places the portion offered
by appellant in its proper context. See Livingston v. State, 739 S.W.2d 311, 331 (Tex. Crim.
App. 1987), cert. denied, 487 U.S. 1210 (1988).

 Appellant further urges that evidence offered under the justification of the optional
completeness rule may be excluded when its probative value is substantially outweighed by the
danger of unfair prejudice. See Tex. R. Crim. Evid. Ann. 403 (Pamph. 1992). Appellant
suggests that the jury may have been prejudiced toward him since counsel did not divulge the fact
that he was appellant's attorney when he called Montgomery. Appellant did not raise this
objection in the trial court. Consequently, it is not preserved for review. Tex. R. Crim. Evid.
103(a)(1) (Pamph. 1992). Moreover, the matter of defense counsel not representing himself as
appellant's attorney on the occasion in question was elicited during re-direct examination of
Montgomery. Appellant's sixth point of error is overruled.

 In his seventh point of error, appellant asserts that the court erred in restricting the
examination of appellant's character witnesses. The court permitted appellant's witnesses to
testify as to appellant's reputation for honesty, but disallowed defense counsel's questions: "Is
[appellant] a thief?" and "Do you have an opinion as to his character for stealing?"

 An accused may introduce evidence of his general good character about the
particular trait involved in the offense charged. Canto-Davenport v. State, 751 S.W.2d 698, 700
(Tex. App. 1988, pet. ref'd). An information charging an accused with the offense of theft places
the accused's reputation for honesty in issue. Bara v. State, 147 S.W.2d 250, 252 (Tex. Crim.
App. 1941). However, questions of whether a witness believes the accused is a thief, or whether
the witness has an opinion as to the accused's character for stealing do not come within the ambit
of general good character about the particular trait involved in the offense. Appellant's seventh
point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Powers, Jones and Davis*]

Affirmed

Filed: March 25, 1992

[Do Not Publish]



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).