**Glenn Dale GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–123 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 6, 1994.

Decided May 11, 1994.

Gaylyn Leon Cooper, Bernsen, Jamail & Goodson, Beaumont, for appellant.

Tom Maness, Dist. Atty., John R. Dewitt, Asst. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Burglary of a Habitation. Appellant's indictment contained two enhancement paragraphs raising appellant's punishment status to that of an habitual offender.[1] The jury found appellant guilty and assessed punishment at confinement in Institutional Division of the Texas Department of Criminal Justice for a term of sixty (60) years. Appellant raises six points of error on appeal, each complaining of improper argument by the State during either the guilt/innocence or punishment phase of the trial.

Point of error one provides, "The trial court erred in failing to grant a mistrial after argument of the State's attorney in the guilt/innocence phase of the trial." Our at-

tention is directed to the following portion of the State's argument:

> [Prosecutor] And that's what it was, it's a rabbit trail, because regardless of whether he was a Lamar student or not or whether he was studying or not at any time during this period, he was not[2] burglarizing houses on December the 7th, 1991.
>
> [Defense Counsel] Your Honor, I object to that. That's not the testimony—
>
> [Prosecutor] (Interrupting) "A" house.
>
> [Defense Counsel] —that he was burglarizing houses on December 7th, 1991.
>
> THE COURT: Sustain the objection.
>
> [Defense Counsel] Ask the jury to be instructed to disregard that comment, Your Honor.
>
> THE COURT: The jury disregard the comment by the prosecutor that he was burglarizing houses.
>
> [Defense Counsel] Move for a mistrial, Your Honor.
>
> THE COURT: Mistrial denied.

 Only offensive or flagrant error calls for reversal when there has been an instruction to disregard. *Cooks v. State,* 844 S.W.2d 697, 728 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). In the instant case, the record reflects that the prosecutor immediately realized his misstatement and corrected it. In no way can the misstatement be characterized as offensive or flagrant. The trial court gave a prompt instruction to the jury to disregard. We find no error here. Point of error one is overruled.

 Appellant's second point of error is procedurally quite similar to his first except for the fact that the alleged trial court error occurred during the State's punishment phase argument. Again, relying on *Cooks, supra,* we find no offensive or flagrant error occurred with regard to the prosecutor's comment regarding how much incarceration

1. See Tex.Penal Code Ann. § 12.42 (Vernon 1974 & Vernon Supp.1994).

2. Appellant avers that the statement of facts is incorrect in that the State did not use the word "not," but used the word "out." We note the fact that appellant made no objection to the

record nor at any time made a request to either the trial court or this Court to supplement the record. See Tex.R.App P. 55. As a result, appellant has waived review of the issue. See *Winkfield v. State,* 792 S.W.2d 727 (Tex.App.—Corpus Christi 1990, pet. ref'd).

credit would be applied to appellant's sentence for the instant offense. The trial court again sustained appellant's objection and instructed the jury to disregard the prosecutor's comment. The trial court even stated that he had no discretion in granting appellant credit for any time served in jail pending the disposition of the instant case. Moreover, evidence from State's witness Carl Rose, an investigator with the District Attorney's office, provided that appellant was not entitled to any credit with regard to the instant offense. Even if the prosecutor's comment was incorrect, there was at least evidence in the record to support it. The comment, therefore, was not so flagrant or offensive that a timely instruction to disregard could not have cured any harm. Point of error two is overruled.

■ We will combine our discussion of points of error three through six as appellant's complaints are quite similar. Appellant directs our attention to the following portions of the State's closing argument during the punishment phase of the trial:

[Prosecutor] From the time he was arrested on the 7th until the 21st of December, how many days is that? That's how much credit he gets. Okay? I mean, I'm sorry I said there was no credit.

[Defense Counsel] Your Honor, I object to that. There's been testimony that he took an exam on the 9th of December. He's also testifying about something or making a statement about something that is outside the record.

THE COURT: Overruled.

[Prosecutor] Well, Mr. Cooper suggests he only has two days credit.

[Defense Counsel] Your Honor, I object to that again. He's arguing something that is outside the record.

THE COURT: Overruled.

　　*　　*　　*　　*　　*　　*

[Prosecutor] How long do you want to deter him from doing that again? How long? 220 days, whatever kind of credit he got, plus the period of time from the time he was sentenced until he said he got out on a 15–year sentence? Is that how long?

[Defense Counsel] Your Honor, I object to that. That is outside the record. 223 days credit was what he got applied to the first sentence of 7 years.

THE COURT: Overruled. He's making his argument as to the prior convictions.

[Prosecutor] And it may be the other conviction where he only got a hundred and some odd days.

[Defense Counsel] Your Honor, again, I object to that. A hundred and some odd days never was part of the credit that he received in any conviction, Your Honor. That's outside the record.

THE COURT: Overruled. The jury will look at the records and decide for themselves how much credit he got.

The record reflects that State's Exhibits 3 and 4 were admitted without objection. State's Exhibit 3 is the penitentiary packet of appellant with regard to his 1988 conviction for Burglary of a Building. State's Exhibit 4 is appellant's penitentiary packet concerning his 1991 conviction for Delivery of a Controlled Substance. On the 1988 judgment, under the "Time Credited" portion, the term "223 days" is typed. On the 1991 judgment, under the "Time Credited" portion, the term "1 yr. and 19 days" is typed. The record further reflects that it was appellant's trial counsel that initiated the discussion of "time credited" or credit for time served by appellant with regard to his two prior convictions during said counsel's cross-examination of the State's fingerprint expert, Carl Rose.

■ The four permissible areas of prosecutorial jury argument are summation of the evidence, reasonable deductions from the evidence, answer to argument from opposing counsel, and plea for law enforcement. *Cook v. State*, 858 S.W.2d 467, 476 (Tex.Crim.App. 1993). Argument that exceeds the bounds of permissible areas of jury argument is error. *Felder v. State*, 848 S.W.2d 85, 95 (Tex.Crim. App.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993). We find that the State's argument was a proper generalized summation of the evidence and a proper plea for law enforcement. *See Cook v. State*, 858 S.W.2d at 476. Placed in its proper context, the State's use of a bit of hyperbole in attempting to explain, from the

prosecutorial point of view, "time credited" or credit for time served was not arguing outside the record. At any rate, appellant provides us with no authority as to what, if any, constitutional provision or mandatory statute was violated, nor does he provide any case law dealing with the exact complaints he now raises under these points of error. *See* TEX.R.APP.P. 74(f). Points of error three through six are overruled; the judgment and the sentence of the trial court are affirmed.

AFFIRMED.