No. 04-00-00269-CR



Connie ROBINSON,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CR-4968


Honorable Raymond Angelini, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: September 19, 2001


AFFIRMED

 Connie Robinson was charged with and convicted of the offense of unlawful possession of
a firearm by a felon and sentenced to ninety-nine years in the Texas Department of Criminal Justice -
Institutional Division. He appeals. We affirm the trial court's judgment.

Factual and Procedural Background


 On December 5, 1998, while Robinson was beating Nisha Spikes in Myrtle Edwards' living
room, Edwards called 911 and then hung up. Officers Vega and Heinrich responded to the call.
When they arrived, Edwards and Spikes were in the living room, while Robinson was just inside the
adjoining kitchen. Robinson was taken outside to be questioned by Officer Heinrich, while Spikes
was questioned inside by Officer Vega. Spikes told Vega that Robinson had removed a handgun
from his waistband and placed it in a pizza box on the stove. The responding officer retrieved the
gun. Robinson denied the gun was his. No fingerprints were recovered.

 Robinson, a convicted felon, was charged with unlawful possession of a firearm by a felon.
After the jury found him guilty, he was sentenced to ninety-nine years in the Texas Department of
Criminal Justice - Institutional Division. 

Charge Error


 Robinson first complains that the trial court committed reversible error in failing to charge
the jury that it could not consider extraneous offense evidence that Robinson had stolen a gun unless
the extraneous offense had been proved beyond a reasonable doubt. (1) We disagree. The trial court
instructed the jury that it could not consider the extraneous offense evidence "in any manner, in
proving or tending to prove that the defendant was in possession of a firearm on or about the 5th day
of December, A.D., 1998." Moreover, when asked whether this was the instruction he wanted,
defense counsel stated it was. Under these circumstances, Robinson has waived the error, if any. 

Admission of Extraneous Offense Evidence


 Robinson next complains that the trial court committed reversible error in admitting evidence
of an extraneous offense. We again disagree. As noted above, the trial court instructed the jury that
it could not consider the extraneous offense evidence in deciding whether Robinson committed the
offense with which he was charged. Under these circumstances, Robinson has not demonstrated
reversible error.

Impeachment


 Robinson next complains that the trial court committed reversible error in excluding evidence
that (1) Myrtle Edwards was under deferred adjudication community supervision at the time she
testified, and (2) she had romantic feelings towards Robinson. We disagree.

Standard of Review


 We review a trial court's evidentiary rulings under an abuse of discretion standard.
Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990). A trial court does not abuse
its discretion if its ruling is "at least within the zone of reasonable disagreement." Id. at 391.

Discussion


 To establish the predicate necessary to inquire about a witness's deferred adjudication status,
a defendant must demonstrate the witness has testified against him "as a result of bias, motive or ill
will emanating from his status of deferred adjudication." Callins v. State, 780 S.W.2d 176, 196 (Tex.
Crim. App. 1986), cert. denied, 497 U.S. 1011 (1990). Thus, if the State promises an early
termination of a witness's probation in exchange for her favorable testimony, her probationary status
may be inquired about on cross-examination. Paley v. State, 811 S.W.2d 226, 229 (Tex.
App.-Houston [1st Dist.] 1991, pet. ref'd). See also Soliz v. State, 809 S.W.2d 257, 258 (Tex.
App.-San Antonio 1991, pet. ref'd). That is not the case here. Rather, Robinson argues Edwards'
status was relevant because her possession of a firearm would be a violation of the terms of her
probation; therefore, to avoid revocation of her probation, she testified Robinson was in possession
of a firearm. To afford Robinson an opportunity to establish bias or prejudice, the trial court
permitted Robinson to question Edwards outside the jury's presence. As the trial judge pointed out,
however, there was no evidence Edwards had received favorable treatment from the State in
exchange for her testimony and no evidence "to tie [Edwards] with the gun." Under these
circumstances, we hold the trial court acted within its discretion in excluding evidence that Edwards
was under deferred adjudication community supervision.

 Robinson also complains that the trial court committed reversible error in excluding copies
of letters written by Edwards to Robinson while he was in jail. According to Robinson, these letters
demonstrate Edwards had romantic feelings towards him and feelings of jealousy towards Spikes
and therefore a motive to keep Robinson and Spikes apart by ensuring that Robinson was convicted.
We disagree. The trial court permitted defense counsel to question Edwards about the letters and her
feelings towards Robinson. Edwards admitted writing and sending the letters but denied having true
romantic feelings towards Robinson; she testified Robinson initiated the correspondence to convince
her to retract her statement and she wrote back because she was afraid of him. As the trial court
stated, to permit defense counsel to go into the actual content of the letters would be impeachment
on a collateral matter.

Denial of Gun Ownership


 Robinson complains the trial court committed reversible error in excluding his denial of
owning the gun. However, his denial was in fact admitted into evidence.

Closing Argument


 Robinson complains that the trial court committed reversible error when it overruled his
objection to the following argument:

 You know, if a convicted felon that you have seen assault a woman and that you are
afraid of, starts asking you to help him with his case, what are you going to do? I
mean if Charles Manson starts writing you and says help me, do you want to tick him
off? Is that what you really want to do?


We disagree. Placed in the proper context - Edwards' explanation of her correspondence with
Robinson - the State's argument amounts to no more than a hyperbolic summation of the evidence.
See Green v. State, 876 S.W.2d 211, 213 (Tex. App.-Beaumont 1994, no pet.).

Punishment Phase


 Robinson complains that the trial court committed reversible error by permitting the State
to make "repeated arguments that [Robinson] was a murderer." We disagree. In the first place, the
State did not make repeated arguments that Robinson was a murderer. "Murder" was used only twice
in the State's argument. The first time defense counsel did not object. (2) The second time defense
counsel objected and requested an instruction to disregard, which the trial court gave. Nothing is
preserved for review when the defendant fails to pursue his improper jury argument objection to an
adverse ruling. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied, 520 U.S.
1173 (1997).



Spikes' Excited Utterances


 Robinson complains that the trial court committed reversible error in admitting Officer
Vega's hearsay testimony regarding Spikes' statements. However, these statements were clearly
admissible as excited utterances under Texas Rule of Evidence 803(2). See Tejeda v. State, 905
S.W.2d 313, 316 (Tex. App.-San Antonio 1995, pet. ref'd).

 The judgment is affirmed.


 Sarah B. Duncan, Justice

Do not publish
1. The State proved that the gun recovered from Edwards' house had been stolen from a convenience store located
within two miles of Robinson's home. However, as the trial judge noted, there was no evidence Robinson had stolen the
gun.
2. In responding to defense counsel's argument that Nisha Spikes had not testified, the State argued:


 All right. There's two witnesses to a murder and we can't find one. Well, I guess we're just never
going to try the case. Criminals are going to walk free. That's going to be the new policy of the District
Attorney's Office. How do you like it?